UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6032-CR-ZLOCH

UNITED STATES OF AMERICA,

VS.

LIONEL HANNA,

        Defendant.
_____/



## DETENTION ORDER

THIS MATTER came before the Court upon the Government's motion to detain the defendant, **Lionel Hanna**, prior to trial and until the conclusion thereof. Having received evidence and heard argument of counsel, the Court hereby GRANTS the motion and enters its written findings of fact and statement of reasons for the detention in accordance with the provisions of 18 U.S.C. § 3142(i).

A.    INTRODUCTION

On February 14, 2000, the Court held a hearing to determine whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any person and the community. 18 U.S.C. § 3142(f). Based upon the Indictment of the Grand Jury, see United States v. Hurtado, 779 F.2d

1



1467, 1479 (11th Cir. 1985), the Court finds probable cause that the defendant, **Lionel Hanna**, committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq. This finding gives rise to a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e). Assuming, arguendo, that the defendant has come forward with sufficient evidence to rebut the statutory presumption, the presumption remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. King, 849 F.2d 485, 488 (11th Cir. 1988). Throughout this proceeding, the burden of persuasion is upon the Government to establish by the "preponderance of the evidence" that the defendant poses a risk of flight and/or by "clear and convincing evidence" that he poses a danger to the community. Id. at 489; 18 U.S.C. § 3142(f). In determining whether the Government has met its burden by the requisite standard of proof, this Court must take into account the factors enumerated in 18 U.S.C. § 3142(g).

B.   FINDINGS OF FACT

1.   The defendant is charged with possession with intent to distribute cocaine and possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1). Therefore, the defendant is charged with crimes involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

2.   The Court received credible evidence that the defendant committed the

offenses with which he has been charged. On January 7, 2000, **Lionel Hanna** was involved in a hit and run accident at the Broward Boulevard exit from I-95. **Hanna** had hit the rear of a vehicle and fled at a high speed. A nearby police officer pursued **Hanna** and stopped him a few blocks away. **Hanna** gave the officer his driver's license, but he did not have the vehicle registration. As the officer then walked over to speak to the victim of the accident, **Hanna** again fled in his vehicle at a high speed. The officer pursued **Hanna** to a location near his (**Hanna**'s) residence. **Hanna** exited his vehicle and continued to flee on foot. The officer caught **Hanna**, but **Hanna** struggled until subdued. The officer then placed **Hanna** under arrest. **Hanna** later reportedly made the following spontaneous statement to a Fort Lauderdale detective: "You'll find out who I am and what I have done. And now you have caught me again. I'm going to jail for the rest of my life."

Following **Hanna**'s arrest, officers located within his pockets $2,235 in United States currency. Officers also impounded his vehicle and conducted an inventory search. Inside the trunk of the vehicle, they discovered five (5) kilogram sized packages of cocaine. Police officers then applied for and received from a state circuit judge a warrant to search **Hanna**'s residence - 416 N.W. 14th Way, Fort Lauderdale. Inside the residence, police located the following: 90 grams of powder cocaine; 25 grams of crack cocaine; a Colt .45 caliber pistol; boxes of ammunition; $28,255 in United States currency; and a large quantity of implements and materials for manufacturing and distributing crack cocaine. 18 U.S.C. § 3142 (g)(2).

3.   The pertinent history and characteristics of the defendant are significant to this Court's assessment of his candidacy for bond. The defendant is a United States

citizen and thirteen (13) year resident of the community. He is the only child born to the former union of his mother and late father, and he has an eighteen (18) year old child from a former marriage who resides in Vero Beach.

The defendant told Pretrial Services that he is self-employed as a gambler and manufacturer of trick cards and dice. He reports assets of only modest value.

The Pretrial Services Report reflects that **Lionel Hanna** has an extensive criminal record, which includes the following arrests: larceny/robbery (1958); vagrancy - misdemeanor (1961); gambling (1963); traffic offense (1964); petty larceny/possession of gambling equipment (1964); gambling possession (1964); vagrancy by being known thief (1964); possession of gambling devices/ trespass (1968); concealing stolen property (1968); prostitution (3 counts)(1970); felony statute ordinance/burglary/aggravated assault/ kidnapping (1971); conspiracy to commit felony/assault/accessory after the fact-aggravated battery (1971); simple assault/assault-misdemeanor (1971); larceny (1971); procure prostitution/living off earnings of prostitution (1972); possession of gambling device-misdemeanor/homicide-accessory after the fact/possession of nembutals/possession of tuinals/possession of hash pipe/possession of marijuana (1973); forcing prostitution/living off earnings of prostitution/prostitution (1973); prostitution - misdemeanor (1973); possession of heroin/sale of heroin/sale of cocaine/ possession of cocaine/possession of gambling device-misdemeanor (1974); sale of cocaine/possession of cocaine (1974); repeat felony offender (1974); resisting without violence/false driver's license/possession of drug paraphernalia (1982); resisting arrest/gambling (1984); warrant for failure to appear/trespassing and alias capias (1987); open container/possession of gambling

material (1989); trafficking in cocaine/conspiracy to traffic in cocaine/possession of cocaine (1992); and following too closely/leaving scene of accident/trafficking in cocaine/obstruction without violence/possession of weapon by a convicted felon/trafficking in cocaine/possession of drug paraphernalia/reckless driving/unlawful speed/failure to obey police/failure to give aid/ leaving scene of accident/possession of controlled substance (2000). In addition, the Report reflects that the defendant has been convicted of the following offenses: larceny (1958); vagrancy-misdemeanor (1961); gambling (1963); petty larceny/possession of gambling equipment (1964); trespass (1968); concealing stolen property (1968); prostitution (1970); assault (1971); homicide - accessory after fact (1974); forcing prostitution/living off earnings of prostitution/prostitution (1974); and trafficking in cocaine/conspiracy to traffic in cocaine/possession of cocaine (1993). 18 U.S.C. § 3142(g)(3)(A) and (B).

    4.    The Court received evidence concerning the nature and seriousness of the danger to the community that would be posed by the release of this defendant. **Lionel Hanna** has an extensive criminal record spanning a forty-two (42) year period that includes at least twenty-seven (27) arrests and at least eleven (11) convictions, among them narcotics and violent offenses. With respect to the instant offense, **Hanna** allegedly possessed a substantial quantity of powder cocaine, as well as crack cocaine, and he allegedly operated a crack cocaine laboratory from his home. Further, notwithstanding his prior felony convictions, officers located in his bedroom a firearm and a box of ammunition. 18 U.S.C. § 3142(g)(4).

    5.    The Court specifically finds by the preponderance of the evidence that no

condition or combination of conditions of release will reasonably assure the defendant's appearance at trial. 18 U.S.C. § 3142(e).

6.  The Court specifically finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e).

C.  STATEMENT OF REASONS FOR DETENTION

1.  Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable risk of flight. Although the defendant has emotional ties, he has no significant financial ties to the community. And he previously failed to appear in court as directed. Perhaps most importantly, in the instant offense, he fled the scene of an accident and later again fled from a police officer investigating the accident; he then struggled with that officer when he attempted to make the arrest. The undersigned, therefore, does not believe that the defendant would be likely to appear if released on bond.

2.  Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable danger to persons and to the community. The defendant has a forty-two (42) year history of criminal activity that includes arrests and convictions for violent and narcotics offenses. With respect to the instant charge, he allegedly possessed a substantial quantity of powder and crack cocaine, and he operated a laboratory for the manufacture and distribution of crack cocaine out of his home. He also had at his home a firearm and ammunition, notwithstanding his prior felony convictions. The defendant, therefore, appears neither to

have been deterred nor rehabilitated by virtue of his previous encounters with the criminal justice system.

D.   DISPOSITION

Being fully advised, the Court hereby ORDERS that the defendant, **Lionel Hanna,** be detained prior to trial and until the conclusion thereof.

The Court further DIRECTS

1.   That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.   That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3.   That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this 15th day of February 2000.

_____
BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable William J. Zloch
United States District Judge

Federal Public Defender
Attorney for Defendant

Steve Petri, Esquire
Assistant United States Attorney

United States Marshal

United States Pretrial Services