UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6032-CR-ZLOCH\SELTZER

UNITED STATES OF AMERICA )
)
)
v. )
)
)
LIONEL HANNA, )
;
Defendant. )
)

**GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER**

The United States files this response to the Standing Discovery Order issued in this case. This response is numbered to correspond to that Order.

A. 1. The government is unaware of any written or recorded statements made by the defendant.

2. The government is aware of oral statements made by the defendant simultaneously to a person then known to the defendant to be a government agent that the government intends to use at trial. See excerpt from attached report.

3. The defendant did not testified before the Grand Jury.

4. The NCIC record, if any, of the defendant will be produced upon receipt of the same.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected on a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Suite 700 in Fort Lauderdale, Florida. Please call the

1



undersigned to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial. Such attachments include the following: certified copy of conviction entered on September 8, 1993 in case number 92-21852-A in the Eleventh Circuit Court of Dade County, Florida for the offenses of Trafficking in Cocaine and Conspiracy to Traffic in Cocaine; 2 page inventory listing 33 items seized during the execution of the search warrant on 1/7/00 at 416 NW 14th Way, application, affidavit, and warrant issued on 1/7/00 authorizing search of 416 NW 14th Way; defendant's handwritten request for bond; drawing of layout of 416 NW 14 Way; 1 page report written by firearms and tool mark examiner Carl Haenneria regarding test firing of Colt .45 firearm seized from the defendant's residence on 1/7/00; 2 page inventory listing items A-F seized during the search of the automobile driven on 1/7/00 by the defendant; 2 traffic citations issued on 1/7/00 to the defendant by the Fort Lauderdale Police Department and later issued 4 tickets; 1 page latent fingerprint report; and 1 Polaroid photograph of 5 kilograms of cocaine seized from trunk of car driven by the defendant.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady.

D. The government is not aware of any payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses, within the scope of Giglio or Napue.

E. The government is unaware of any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. The defendant was not identified in a lineup, show up, photo spread or similar identification proceedings.

    G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

    H.    The government will advise the defendant prior to trial of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

    I.    The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

    J.    The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

    K.    Field tests performed on substances seized from the automobile driven by the defendant and residence were positive for cocaine hydrochloride and cocaine base. Reports from a forensic chemist analyzing the same will be produced upon completion.

    L.    The government does not know of a vehicle allegedly used in the commission of this offense that is in the possession of law enforcement.

    M.    The government is aware of latent fingerprints or palm prints which have been identified by a government expert on one of the wrappers of the kilograms seized from the car driven by the defendant. A report regarding a comparison to the defendant and/or the results of an AFIS performed upon the same will be produced upon completion. Attached is a report from Fingerprint Analyst Joann Meisenheirmer of ATF finding the defendant is the same person convicted on September 8, 1993 in case number 92-21852-A in the Eleventh Circuit Court of Dade County, Florida for the offenses of Trafficking in Cocaine and Conspiracy to Traffic in Cocaine and the booking prints of January 8, 2000.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal

Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

|  |  |
|---|---|
| Time: | Approximately 2:25 p.m. to about 6:45 p.m. |
| Date: | January 7, 2000 |
| Place: | I95 Northbound and the New River Bridge; I95 Northbound off-ramp on to Broward Boulevard; 11th Avenue and Broward Boulevard; and 416 NW 14 Way; all locations being in Broward County, Florida |

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: *[signature]*
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500077
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255
Fax: (954) 356-7336

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered by United States mail this 17th of February 2000 to Robert Berube, Esq., Federal Public Defender's Office, 101 NE 3rd Avenue, Suite 202, Fort Lauderdale, FL 33301.

_____
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY