United States District Court
Southern District of Florida

United States of America
v.
Lionel Hanna

Case No. 00-6032-CR-ZLOCH

Motion For New Counsel
And/or
For Hearing To Causes Thereto

1) Lionel Hanna (Hereafter designated: Hanna) states that on Thursday, February 16, 2000 PM Time, He received legal mail informing Him that there was a Fileing of Notice Setting Cause For Trial and that Calendar call is scheduled For March 24, 2000, and That the Trial is set to commence March 27, 2000;

2) Hanna alleges that His preceedings Through'out His arrest and Therefrom did not meet with The Standards of Justice and because of such His 4, 5, 6 and 14th Amendments Constitutional Rights was and still is being violated — And That There should be no Trial until all initiative and therefrom preceeding has been properly dealth with;

3) Hanna only seen a court appointed counsel once and that was for about Ten (10) minute, The next Time Hanna seen any counsel was at bond hearing — And that counsel stated that He (The counsel) was only a standin and knew nothing of The case — And at That Stage Hanna became Shock and Confused — And no one awared Hanna of court procedures;

4) The records would support (in similarity) That Hanna informed The court that He was confused and would speak in His behalf at a later date. Hanna was looking Forward For a prudent bond hearing and the counsel that was appointed by the court denied Hanna a prudence bond hearing, and Hanna was not aware That His Case had reached Trial level;

(1)

5) Hanna has not converse with Court appointed counsel infact, The Court appointed counsel has not conversed with Hanna as to evidence and to pertient information That Hanna do so have, nor did counsel in question make any attempt to interview any witnesses that was at the arrest scene. Such inactive Court appointed Counsel denied Hanna The Support and the Opportunity to dispute the charge(s) of resisting arrest and etc. If Hanna's witnesses would have been present and testified Surely, They Testimonies would have carried it weight at bond hearing. Also, if counsel would have did his leg and home work, he (counsel) would have learned and could have acknowledge The Court That Hanna has always been honorable with The courts of This Country and would not be a flight risk;

6) The obtaining and serving of The warrant that the Prosecutor so diligently dramatized That dramatization was lacking in details, The warrant was presented and served upon Hanna's son, who would have gladly been a witness at bond hearing, Jewelry of value was seized yet not mentioned at bond hearing. Also, police officer(s) (among other things) Confiscated Hanna's autobiography from his premise. The Girl Friend That has lived with Hanna for over Ten (10) years was and is part owner of the Jewelry in question nevertheless (among other things) There's been no return of the Jewelry — And Hanna's autobiography has been read by State officials and withheld by Same; And in oppose of $28,000 it was $30,490 dollars confiscated from Hanna's dwelling;

## Major Facts

A) Hanna (via) pro se states that there were witnesses and neighbors that actually seen what occurred at the arrest scene yet, no counsels (of either side) in this cause made any effort to secure witnesses, did not investigate state officials actions in it's entirety; and Hanna never stated that he was satified with the court appointed counsel nor was asked;

B) Misrepresentation of evidence, ineffective assistance of counsel with regard to pretrial investigation and client contact and in view of such, no client could be expected to receive a full and fair hearing. Townsend v. Sain, 372 U.S. 293, 113 (1963);

C) Concealing evidence from the court and etc. is highly unethical, and where there's possibility of ineffectively assistance of counsel the court should hold a hearing. Wesley v. Alabama, 488 F.2d 30, 31-32 (5th cir. 1974); Lockett v. Blackburn, 571 F.2d 309, 313 (5th cir), cer. denied, 439 U.S. 873 (1978). Also, see: Weygandt v. Look, 718 F.2d 952, 954 (9th cir. 1983).

## Prayers

Therefore, in view of this foregoing motion for new counsel and/or for hearing to causes thereto, Hanna prays for a hearing at the court's earlies.

Submitted in good faith by: *Lionel Hanna*

Lionel Hanna, 55194-004
10-E, FDC, P.O. Box 019120
Miami, Fl 33101-9120

See Attached: Certification.

(3)

## Certification

I, Lionel Hanna (wherein'at He's confined) after complying for notary service and was not able to obtain such service, declares before God and the undersigned witnesses that the foregoing "Motion For New Counsel And/or For Hearing To Causes Thereto," that on this 24th day of February, 2000 all stated in said motion to the best of his knownledge is true, and that he (Lionel Hanna) is ready to be sworn before the court.

Signed: *Lionel Hanna*
Lionel Hanna, 55194-004
10-E, FDC, P.O. Box 019120
Miami, Fl 33101-9120

1) Witness: *Gary A. Doyle*

2) Witness: *John Douglas Lambert, Jr.*

(4)