IN THE UNITED STATES DISTRICT COURT
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**

        **Plaintiff,**

vs.

**LIONEL J. HANNA**

        **Defendant.**
_____/

**CASE NO.: 00 6032 CR ZLOCH**

**Florida Bar No.: 198242**

## MOTION TO SUPPRESS PHYSICAL EVIDENCE

**COMES NOW** the Defendant **LIONEL J. HANNA**, by and through his undersigned attorney, and pursuant to Fed. R. Crim. Pro. 12 (b) and Fed. R. Crim. Pro. 41 (c) (1) and (f) and moves this Honorable Court suppress physical evidence allegedly seized in this cause in support of which he states the following:

1. That Defendant is presently charged by a superseding indictment in Count I with Possession with Intent to Distribute Cocaine, in Count II with Possession with Intent to Distribute Crack Cocaine, in Count III with Possession of a Firearm in Furtherance of a Drug Trafficking Offense, and in Count IV with Possession of a Firearm by a Convicted Felon.

2. That the facts forming the basis of the superseding indictment filed against Defendant are as follows:

On January 7, 2000, a white Infinity vehicle was traveling North on State Road 9 in Fort Lauderdale, Broward County, Florida in the middle lane behind another vehicle. At that time, the driver of such vehicle allegedly failed to observe the other vehicle slowing in front of his vehicle and continued its forward movement toward the rear of that vehicle. Thereafter, the front of the first vehicle collided with the right rear of the second vehicle and the first vehicle

came to a final rest at the point of impact facing another direction. At that time, the driver of the first vehicle allegedly fled the scene of the accident traveling north on State Road 9 and the driver of the second vehicle copied the tag of the Infinity as J2429T. It was determined through a FCIC/NCIC check that the tag was registered to Scott's Infinity located at 5230 North Federal Highway, Fort Lauderdale, Florida 33064.

A nearby police officer thereupon pursued the first vehicle and stopped it a few blocks away. At that time, Defendant, who was driving the vehicle, gave the officer his drivers license but did not have the vehicle registration. As the officer walked over to speak to the victim of the accident, Defendant again allegedly fled in the vehicle at a high rate of speed with the officer pursuing Defendant near 416 NW 14th Way, Fort Lauderdale, Florida. At that time, Defendant exited his vehicle and allegedly fled on foot. The officer caught Defendant but Defendant allegedly struggle until he was subdue. At that time Defendant was placed under arrest.

Upon Defendant's arrest, Fort Lauderdale police officers impounded Defendant's vehicle and conducted an alleged inventory search. While searching the locked trunk of the vehicle, the officers allegedly discovered five kilogram size packages of cocaine. Furthermore, upon responding to the location Detective Pallen of the Fort Lauderdale Police Department came in contact with Defendant who was seated in the rear of a police vehicle. At that time Detective Pallen allegedly introduced and identified himself to Defendant at which time the Defendant stated:

> **" I'm not going to make your job any easier, I'm not gonna talk to you unless you make me a good offer. You'll find out who I am and what I've done, and now you caught me again...I'm gonna go to jail for the rest of my life".**

While the Fort Lauderdale police were on the scene at the Defendant's residence located at 416 NW 14th Way, an anonymous call was made to Fort Lauderdale Police 911 number at the

emergency communication center. The female caller of said call allegedly advised she observed the police arresting a man for drugs on NW 14th Way between 4th and 5th Streets and advised the police officers needed to check his house. The caller allegedly went on to describe the Defendant residence at 416 NW 14th Way. Furthermore, a narcotic dog allegedly reacted positively outside the front door of the residence. Thereafter, based on such information the Fort Lauderdale police officer's applied for and received from a State Circuit Court Judge a warrant to search Defendant's residence at 416 NW 14th Way, Fort Lauderdale, Florida. Once inside the residence, the Fort Lauderdale police officers allegedly seized the following:

(1).  U.S. Currency totaling $28,255.00.

(2)   45 Colt MKIV .45 Automatic Firearm.

(3)   .45 Automatic Ammunition.

(4)   Piaget Watch.

(5)   Miscellaneous jewelry.

(6)   27 Grams of Crack Cocaine.

(7)   Approximately 90 Grams of Powder Cocaine.

(8)   Five boxes of Baking Soda.

(9)   Miscellaneous Cell Phones, Charges, and Phone Covers.

(10)  Twelve Digital Scales, Scale Weights, and Scale Accessories.

(11)  Vacuum/Heat Sealer.

(12)  Thousands of Various Size Plastic Baggies.

(13)  Four Kilogram Size Wrappers with Cocaine Residue.

(14)  Numerous Size/Lab Measuring Cups/Trays.

(15)  Tablets/Pills.

(16)  ~~Four Bottles of Hydrocodone.~~

(17)  Cooking Pot and lid with Cocaine Residue.

(18)  Silver Color Tray with Crack Cocaine "Cocaine Residue".

(19)  Glass Vial with Cocaine Residue.

(20)  White Powder "Cutting" Agent.

(21)  Skinner with Cocaine Residue.

(22)  Paper towels to Dry Crack Cocaine with Residue, Drying Racks.

(23)  Paper Towel with Razor and Cocaine Residue.

(24)  Baking pan with whisk and Fork Splatter Guard.

(25)  Cake Pan with Cocaine Residue.

(26)  Measuring Cup with Cocaine Residue.

(27)  Plastic Sieve with Cocaine Residue.

(28)  Lab Trays and Plastic Spoons with Cocaine Residue.

(29)  Numerous Miscellaneous keys.

(30)  Computer/Apple Power Book.

(31)  Miscellaneous documents consisting of bills, leases, paperwork, and narcotic ledgers.

Defendant now moves to suppress the aforementioned alleged items as having been seized in violation of Defendant's Federal Constitutional Rights in violation of Amendment IV of the United States Constitution as fruit of an illegal search and seizure in support of which he states the following:

1.  That the warrantless search of the trunk of Defendant's vehicle cannot be justified as an inventory search.

    2.    That the warrantless search of the trunk of Defendant's vehicle cannot be justified as incident to lawful arrest.

    3.    That insufficient probable cause existed for the issuance of the search warrant for Defendant's residence.

**WHEREFORE,** Defendant respectfully prays this Honorable Court suppress the aforementioned items and order them inadmissible at trial against Defendant in this cause.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on the 26th day of June 2000 to Donald F. Chase, II, Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale Fl 33394.

*[signature]*

Don S. Cohn, Esq.
Don S. Cohn, P. A.
1504 NW 14th Street
Miami, Fl 33125
(305) 324-1649