**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**

          **Plaintiff,**     **CASE NO.: 00 6032 CR ZLOCH**

vs.

                               **Florida Bar No.: 198242**

**LIONEL J. HANNA**

          **Defendant.**

_____/

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS, CONFESSIONS OR ADMISSIONS

**COMES NOW** the Defendant **LIONEL J. HANNA**, by and through his undersigned attorney and files this his Memorandum of Law in support of Motion to Suppress Physical Evidence as follows:

1. That <u>Amendment IV</u>, U.S. Constitution states as follows:

### AMENDMENT IV

**"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized".**

That <u>Amendment V</u>. U.S. Constitution states in pertinent part as follows:

### AMENDMENT V

**" No person ........shall be compelled in any criminal case to be a witness against himself".**

In ***South Dakota v. Opperman** 428 U.S. 364, 1986 S.Ct. 3092 (1976),* the United States Supreme Court held that the routine practice of securing an inventorying content of impoundment automobiles developed in response to three distinct needs, the protection of the

owner's property while it remained in police custody, protection of the police against claims or disputes over lost or stolen property and protection of the police from potential danger; also such practice is viewed as essential to respond to incidents of Theft or vandalism and in determining whether a vehicle has been stolen and thereafter abandoned. Here the alleged "inventorying" of Defendant's vehicle under the circumstances did not satisfy any of these needs as the vehicle was at Defendant's residence. See also ***U.S. v. Staller 615 F. 2d 1284 (5th Cir. 1980) and U.S. v. Hall 565 F. 2d 917 (5th Cir. 1976).*** Rather, the situation here is comparable to that in ***U.S. v. Wilson 636 F. 2d 1161 (8th Cir. 1980).*** There, the Court held the inventory search of the locked trunk of the Defendant's automobile after the Defendant had been arrested for various traffic infractions and before the automobile was towed to a private storage yard was unreasonable within the meaning of Amendment IV, where the Defendant was present during the search and was capable of making other arraignment to safeguard his property and where the police intended to retain control of Defendant's automobile for only a short period of the time until the Defendant could post an appearance bond.

Warrantees searches of automobiles are justified where probable cause to believe a crime had been committed exists and circumstances are such that such exigencies exist that, as a practical necessity enforcement of the warrant requirement is impossible. ***Carroll v. United States 267 U.S. 132, 45 S. Ct. 280 (1925).*** Furthermore, in ***Chimel v. California 395 U.S. 752, 89 S. Ct. 2034 (1968)*** the United States Supreme Court held that a lawful custodial arrest creates a situation which justifies the contemporaneous search without a warrant of the person arrested of the immediate surrounding area were the arrestee might gain possession of a weapon or destructible evidence. Based upon such standards here, of course, the search of the trunk of

Defendant's vehicle cannot be justify as incidental to a lawful arrest. See also ***U.S. v. Adams*** ***424 F. 2d 175 (5th Cir. 1970)*** and ***U.S. v. McDonnell*** *315 F. Supp. 152 (D.C. Neb. 1970).*

In ***Wong Sun v. United States*** *371 U.S. 471, 83 S.Ct. 407 (1963)* the court held that statements made by a defendant are inadmissible whether they are obtained as a product of an initial illegality. In ***Miranda v. Arizona*** *384 U.S. 436, 86 S. Ct. 1602 (1966),* the Court held that prior to any questioning a person in custody must be warned of his right to remain silent, that any statements he does make may be used as evidence against him, and that he has the right to the presence of an attorney, either retained or appointed. No such warning was given to the Defendant here.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on the 26th day of June 2000 to Donald F. Chase, II, Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale Fl 33394.

Don S. Cohn, Esq.
Don S. Cohn, P. A.
1504 NW 14th Street
Miami, Fl 33125
(305) 324-1649