IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

             **Plaintiff,**     **CASE NO.: 00 6032 CR ZLOCH**

vs.

                                **Florida Bar No.: 198242**

**LIONEL J. HANNA**

             **Defendant.**

_____/

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS PHYSICAL EVIDENCE

**COMES NOW** the Defendant **LIONEL J. HANNA**, by and through his undersigned attorney, and files this his Memorandum of Law in support of Motion to Suppress Physical Evidence as follows:

That Amendment IV, U.S. Constitution states as follows:

### AMENDMENT IV

**"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized".**

In ***South Dakota v. Opperman*** *428 U.S. 364, 1986 S.Ct. 3092 (1976)*, the United States Supreme Court held that the routine practice of securing an inventorying content of impoundment automobiles developed in response to three distinct needs: the protection of the owner's property while it remained in police custody, protection of the police against claims or disputes over lost or stolen property and protection of the police from potential danger; also such practice is viewed as essential to respond to incidents of theft or vandalism and in determining whether a vehicle has been stolen and thereafter abandoned. Here, the alleged "inventorying" of

Don S. Cohn, P.A., 1504 N.W. 14th Street, , Miami, Florida 33125, (305) 324-1649

54

Defendant's vehicle under the circumstances did not satisfy any of these needs as the vehicle was at Defendant's residence. See also ***U.S. v. Staller*** *615 F. 2d 1284 (5th Cir. 1980) and **U.S. v. Hall** 565 F. 2d 917 (5th Cir. 1976)*. Rather, the situation here is comparable to that in ***U.S. v. Wilson*** *636 F. 2d 1161 (8 Cir. 1980)*. There, the Court held the inventory search of the locked trunk of the Defendant's automobile after the Defendant had been arrested for various traffic infractions and before the automobile was towed to a private storage yard was unreasonable within the meaning of Amendment IV, where the Defendant was present during the search and was capable of making other arrangements to safeguard his property and where the police intended to retain control of Defendant's automobile for only a short period of the time until the Defendant could post an appearance bond.

Warrantees searches of automobiles are justified where probable cause to believe a crime had been committed exists and circumstances are such that such exigencies exist that, as a practical necessity enforcement of the warrant requirement is impossible. ***Carroll v. United States*** *267 U.S. 132, 45 S.Ct. 280 (1925)*. Furthermore, in ***Chimel v. California*** *395 U.S. 752, 89 S. Ct. 2034 (1968)* the United States Supreme Court held that a lawful custodial arrest creates a situation which justifies the contemporaneous search without a warrant of the person arrested of the immediate surrounding area were the arrestee might gain possession of a weapon or destructible evidence. Based upon such standards here, of course, the search of the trunk of Defendant's vehicle cannot be justified as incidental to a lawful arrest. See also ***U.S. v. Adams*** *424 F. 2d 175 (5th Cir. 1970)* and ***U.S. v. McDonnell*** *315 F. Supp. 152 (D.C. Neb. 1970)*.

In ***Thompson v. White*** *391 F.2d 724 (5th Cir. 1968)* the Court held that information from an unknown source unverified as to its consistent reliability is not of its self probable cause, although the veracity of the unknown informer can be sufficiently determined by

searching the officers' personal observation of some activity which is consistent with the tip but which would appear harmless without it. Likewise, in ***Doescher v. Estelle*** *666 F. 2d 285 (5th Cir. 1982)* the Court held that to provide probable cause under Amendment IV there most be additional information beyond that given by the anonymous informant, although the informant's tip can act as a makeweight. See also ***U.S. v. Evans*** *480 F. 2d 990 (9th Cir. 1973).* Additionally, in ***U.S. v. Zucco*** *537 F. Supp. 901 (D.C. N.Y. 1982)* the Court held that the fact that unidentified caller's claim they had observed perhaps suspicious conduct was inadequate, without more, to infer the requisite of inherent degree of reliability of their information to form the basis for issuance of a search warrant.

Finally, the facts presented to the Florida State Circuit Court Judge failed to establish probable cause a crime was being committed in Defendant's residence at that time.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this 26th day of June 2000 to Donald F. Chase, II, Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale Fl 33394.

Don S. Cohn, Esq.
Don S. Cohn, P. A.
1504 NW 14th Street
Miami, Fl 33125
(305) 324-1649