UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6032-CR-ZLOCH(s)

UNITED STATES OF AMERICA,           )
                                    )
vs.                                 )
                                    )
LIONEL HANNA,                       )
                Defendant.          )
_____)

### UNITED STATES OF AMERICA'S
### PROPOSED VOIR DIRE

Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, the United States of

America respectfully requests that the following voir dire questions be asked during jury

selection, in addition to the standard questions asked by this Court in criminal trials.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500077
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL 33394
Telephone: (954) 356-7255
Fax: (954) 356-7336



## GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

1.  Have any of you, your relatives or your close friends had any contact with law enforcement officials which might prejudice you against law enforcement?

2.  Have you, any of your relatives, or any of your close friends had any contact with the City of Fort Lauderdale Police Department, the Bureau of Alcohol, Tobacco and Firearms, or the Broward County Sheriff's Office or any other government agency that would cause you to be prejudiced against the government?

3.  Does any member of the prospective jury hold a philosophical or religious belief which would make it difficult to sit in judgment of another human being?

4.  Do each of you understand that regardless of any personal feelings or opinions you have about this case, that you must accept the law regarding it from the Court?

5.  Will each of you follow this rule?

6.  Does any member of the prospective jury conscientiously disagree with the laws that prohibit the use of marijuana and narcotics, such as cocaine?

7.  Does any member of the prospective jury believe marijuana or narcotics, such as cocaine should be legalized for personal consumption or for distribution?

8.  Does any member of the prospective jury belong to or has previously belonged to the National Rifle Association (NRA)? If so, would your membership in the NRA prevent you from convicting an individual of a firearms offense if the evidence justified such a verdict?

9.  Does any member of the prospective jury believe that laws should be passed to outlaw firearms?

10. Is any member of the prospective jury or a member of their family a collector of firearms?

11. Do any of you or a family member own a gun? If so, please state the following:

    A. The type of firearm owned.

    B. Why the firearm was acquired.

    C. Whether you have ever fired or cleaned the firearm.

12. Do each of you understand that you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the Government?

13. Do each of you promise to follow this rule?

14. Have you or a family member served in the military? If so, did your military service involve training in the use and care of firearms?

15. Do you or any of your close friends or relatives work or have worked in any drug treatment center or programs? If so,

    A. What program?

    B. What type of drug abuse is treated by the center?

    C. Would that work tend to influence you one way or another in your consideration of this case.

16. Has any member of the prospective jury, or their close friends or relatives, ever been treated for drug or alcohol abuse?

    a. What type of substance was involved?

    b. Would that experience tend to influence you one way or another in your consideration of this case?

17. Have you or any of your relatives or close friends ever:

a.   Been investigated for the use of cocaine or any other drug?

b.   Been stopped and searched for cocaine or any other drug?

18.   Have you, or any of your relatives or close friends ever been arrested? If so, what were the circumstances?

a.   If any potential juror answers this question in the affirmative, the government respectfully requests that the Court question the potential juror regarding the circumstances, in private, at the bench, so as to avoid embarrassment to the potential juror.

19.   Have you, or any of your relatives or close friends even been charged with or convicted of a criminal offense?

a.   If any potential juror answers this question in the affirmative, the government respectfully requests that the Court question the potential juror regarding the circumstances, in private, at the bench, so as to avoid embarrassment to the potential juror?

20.   Do you, any of your relatives or close friends now have, or expect to have, a case or claim against, or a dispute with the Internal Revenue Service (IRS) or any other agency of the United States government?

21.   Have you or any member of your family or your close friends been the victim of a crime that involved the use or display of a firearm? If so, please state the following:

a.   The details of the crime and explain how the firearm was used to commit the crime.

b.   Whether the victim was injured?

      c.     Whether, as the result of this experience, you could not be a fair and impartial juror?

22.    Have you or any member of your family ever been the victim of a crime? What type of crime? Were you satisfied with the way the police handled the matter? The prosecutor? The Court?

23.    Your duty, as jurors, is to judge guilt or innocence based upon the evidence. It is my duty, as judge, to determine punishment if you vote guilty. The law does not permit you to consider the issue of punishment because there are factors having nothing to do with this trial which will determine lenience or harshness. Is there anybody here who would vote "Not Guilty" no matter what the evidence indicates, merely because of a belief that a conviction for this crime may result in a prison sentence, even though you do not know whether it will or not?

24.    The law requires that your verdict be based on the facts as you find them to be from the evidence. The law does not permit you to consider any emotion such as sympathy, prejudice, vengeance, fear or hostility. Is there anybody here who feels that he or she cannot put these emotions out of his or her mind when deliberating on a verdict?

25.    The Assistant United States Attorney expects to call the following witnesses on behalf of the government. [Attorney or Court should read the witness list]. Do any of you know any of these individuals?

26.    If the United States proves the guilt of the defendant beyond a reasonable doubt as to each of the crimes charged, would any of you have any difficulty in returning a verdict of guilty?

27.    The defendant in this case is LIONEL HANNA. Do you or any of your family or any of your close friends, to the best of your knowledge, know the defendant?

28.    The government is represented by DON CHASE in this case, and the defendant is represented by DON COHN. Do you or any members of your family or any of your close friends, to the best of your knowledge, know either of these lawyers?

29.    If you were in the position of the Assistant United States Attorney charged with the responsibility of prosecuting this case, do you know of any reason why you would not want to have this case tried by someone in your present frame of mind?

30.    If the United States proves the guilt of the defendant beyond a reasonable doubt of the crimes charged, would any of you have any difficulty whatsoever in bringing in a verdict of guilty?

31.    Do any of you have any problems with your hearing, sight or any other medical problem which would impair your ability to devote full attention to this trial?

32.    Have any of you been involved in a hit and run accident? Who caused the accident - you or the other driver? If the other driver:

    a.    Was that person identified by the police?

    b.    Why did this person flee from the car accident?

    c.    How was this matter resolved?

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 29th

day of June 2000 to: Don Cohn, Esq., 1504 NW 14th Street, Miami, FL 33125.


DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY