UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6032-CR-ZLOCH(s)

UNITED STATES OF AMERICA,              )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )
                                       )
                                       )
LIONEL HANNA,                          )
                                       )
                    Defendant.         )
_____)

FILED by _____ D.C.

JUN 2 9 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## UNITED STATES OF AMERICA'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the United States

respectfully requests that the following jury instructions be given at trial in the above case.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court No.: A5500077
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL 33394
Telephone: (954) 356-7255
Fax: (954) 356-7336

1

**MEMBERS OF THE JURY**:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The Government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

4

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular fact in dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions. Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from the testimony of other witnesses?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn, from the failure of a defendant to testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

A defendant who wishes to testify, however, is a competent witness; and the defendant's testimony is to be judged in the same way as that of other witnesses.

Evidence relating to any alleged statement, confession, admission, or act or omission alleged to have been made or done by a defendant outside of court and after a crime has been committed, should always be considered by the jury with caution and weighed with great care. All such alleged statements, confessions, or admissions should be disregarded entirely, unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement, confession, admission, or act or omission was made or done knowingly and voluntarily.

In determining whether any statement, confession, admission, or act or omission alleged to have been made by a defendant outside of court and after a crime has been committed was knowingly and voluntarily made or done, the jury should consider the age, training, education, occupation, and physical and mental condition of the defendant, and his treatment while in custody or under interrogation, as shown by the evidence in the case. Also, consider all other circumstances in evidence surrounding the making of the statement, confession, or admission.

If after considering the evidence, you determine that a statement, confession, admission, or act or omission was made or done knowingly and voluntarily, you may give it such weight as you feel it deserves under the circumstances.

Intentional flight by a person immediately after a crime has been committed or after the person becomes aware of detection by law enforcement of a crime that has been committed is not, of course, sufficient in itself to establish the guilt of that person, but intentional flight under those circumstances is a fact which, if proved, may be considered by the Jury in the light of all the other evidence in the case in determining the guilt or innocence of that person.

Whether or not defendant Hanna's conduct constituted flight is exclusively for you, as the Jury, to determine. And if you do so determine whether or not that flight showed a consciousness of guilt on his part and the significance to be attached to that evidence are also matters exclusively for you as a jury to determine.

I do remind you that in your consideration of any evidence of flight, if you should find that there was flight, you should also consider that there may be reasons for this which are fully consistent with innocence.

And I may also suggest to you that a feeling of guilt does not necessarily reflect actual guilt of a crime which you may be considering.

9

The testimony of government agents is to be subjected to the same tests and given the same consideration as that of any other witness. No more and no less weight is to be given such testimony because of the official capacity of the witness.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field – one who is called an expert witness – is permitted to state his or her opinion concerning those technical matters.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

While statements and arguments of counsel generally are not evidence in the case, if a statement is made as an admission or stipulation of fact, it is evidence. When the attorneys on both sides stipulate or agree as to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

In this case, as you know, the indictment charges four separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for study during your deliberations.

Counts I and II of the indictment charge the defendant Lionel Hanna with possession with the intent to distribute cocaine and cocaine base, which is commonly known as "crack cocaine." The United States Code makes it a federal crime or offense for anyone to possess a "controlled substance" with intent to distribute it.

Cocaine and cocaine base or "crack cocaine" is a "controlled substance" within the meaning of the law.

A defendant can be found guilty of the offenses contained in Counts I and II of the indictment only if all of the following facts are proved beyond a reasonable doubt:

First: That the defendant knowingly and willfully possessed cocaine (Count I and II) and cocaine base, commonly referred to a "crack cocaine," (Count II) as charged; and

Second: That he possessed the substances with the intent to distribute them.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Intent to distribute may be inferred from the quantity of the controlled substance seized.

United States v. Montes-Cardenas, 746 F.2d 771, 778, 779 (11th Cir. 1984).

13

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who has direct physical control over something on or around his person then is in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint.

Whenever the word "possession" has been used in these instructions, it includes actual as well as constructive possession, and also sole as well as joint possession.

14

Count III charges the defendant with knowingly carrying a firearm during and in relation

to a drug trafficking crime for which he may be prosecuted in a Court of the United States, in

violation of Title 18, United States Code, Section 924(c).

Title 18, United States Code, Section 924(c), makes it a separate federal crime or offense

for anyone to carry a firearm during and in relation to the commission of a drug trafficking crime.

The defendant can be found guilty of that offense if the following facts are proven beyond

a reasonable doubt:

First:     That the defendant committed a drug trafficking crime as charged in Count
           II of the indictment.

Second:    That during and in relation to the commission of that offense the defendant
           used or carried, or possessed in furtherance of Count II of the indictment a
           firearm, as charged; and

Third:     That the defendant used or carried, or possessed in furtherance of Count II
           of the indictment the firearm knowingly.

A "drug trafficking crime" means any felony punishable under the Controlled Substances

Act (21 U.S.C. §801, et seq.). Count II possession with the intent to distribute cocaine and

cocaine base, commonly referred to as "crack cocaine," charges a "drug trafficking crime" within

the meaning of 18 U.S.C. §924(c).

To "carry a firearm" means that the defendant either had a firearm on or around his person

or transported, conveyed or possessed a firearm in such a way that it was available for immediate

use if the Defendant so desired. To "carry a firearm" is not limited to those found on the person

of a defendant. Rather, "to carry a firearm" also applies to a defendant who knowingly possesses

and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car

which the defendant accompanies.

15

The word "possess" as used in the term "possessed in furtherance of" has the same meaning as previously instructed regarding Counts I and II of the indictment.

The phase "during and in relation to" the commission of an offense means that there must be a connection between the Defendant, the firearm and the crime so that the firearm facilitated the crime by serving some important function or purpose of the criminal activity.

Title 18, United States Code, Section 922(g), makes it a Federal crime or offense for

anyone who has been convicted of a felony offense to possess any firearm in or affecting interstate

commerce.

The defendant Hanna can be found guilty of Count IV only if all of the following facts are

proved beyond a reasonable doubt:

First:    That the Defendant knowingly possessed a firearm in or affecting interstate
          commerce, as charged; and

Second:   That before the Defendant possessed the firearm the Defendant had been
          convicted in a court of a crime punishable by imprisonment for a term in
          excess of one year, that is, a felony offense.

The term "firearm" means any weapon which is designed to, or may readily be converted

to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of

any such weapon, or any firearm muffler, or firearm silencer.

The term "interstate commerce" includes the movement of a firearm between any place in

one state and any place in another state. It is not necessary for the Government to prove that the

Defendant knew that the firearm had moved in interstate commerce before the Defendant

possessed it, only that it had made such movement.

17

As I have previously instructed, the charge in Count IV of the indictment requires the government to prove that the defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year.

In this case, the government has introduced evidence in the form of a certified copy of prior convictions in the Circuit Court in and for Dade County of an individual named Lionel Hanna. You are hereby instructed that as a matter of law, the crime listed are felonies punishable by imprisonment for a term exceeding one year.

However, it is up to you to decide whether the government has proved beyond a reasonable doubt whether the individual who was convicted of these offenses Lionel Hanna is the same individual who is on trial in this case.

18

You will note that the indictment charges that the offense was committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

A separate crime or offense is charged against the defendant in each count of the indictment. Each offense, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the defendant is guilty or not guilty. The defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is convicted, the matter of punishment is for the Judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the Jury Room, you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience.

{Explain Verdict}

You will take the verdict form to the Jury Room and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the Marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can

21

address you orally.  I caution you, however, with regard to any message or question you might

send, that you should not tell me your numerical division at the time.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 29th

day of June 2000, to Don Cohn, Esq., 1504 N.W. 14th Street, Miami, Florida 33125.

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY