IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

        Plaintiff,        CASE NO.: 00 6032 CR ZLOCH

vs.

                       Florida Bar No.: 198242

LIONEL J. HANNA

        Defendant.
_____/

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEVER COUNT IV FROM COUNTS I THROUGH III

**COMES NOW** the Defendant **LIONEL J. HANNA**, by and through his undersigned

attorney, and file this his Memorandum of Law in Support of Motion to Sever Count IV From

Counts I through III as follows:

Fed. R. Crim. Pro. 14 states as follows:

> **If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection *in camera* any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.**

In *United States vs. Busic* 587 F. 2d 577 (3rd Cir. 1978), the issue was raised as to

whether the trial court erred in refusing to sever counts of the indictment which charged the

defendants with receiving firearms while being convicted felons in violation of 18 USC §922

(h). In finding such refusal was error, although harmless because defendant raised the defense of

entrapment at trial, the court states the following at page 585:

> **Nevertheless, we think that in ruling on a pre-trial motion to sever the district court should determine whether evidence of the prior convictions would be independently**

NON-COMPLIANCE OF S.D. Fla. L.R. 5/P 1

𝔇on 𝔖. 𝔈ohn, 𝔓.𝔄., 1504 𝔑.𝔚. 14th 𝔖treet, , 𝔐iami, 𝔉lorida 33125, (305) 324-1649

admissible on the other counts. If it is determined that the convictions would not be admissible on the other counts-that were these counts to be tried alone the jury would not hear this evidence-then severance should be granted. [9] In addition, we think that, in framing an indictment, the better practice dictates that the government should not set forth the details of defendants' actual convictions, but merely allege that the defendant is a convicted felon. If Defendant desires the particulars, he may, of course, so move for them. See Fed.R. Crim. P.7.

Further, in *Drew v. U.S.* 331 F. 2d 85, 118 U.S. App. D. C. 11 (DC Cir. 1964), the court held that prejudice may arise when the jury is allowed to use evidence from one crime to infer a criminal disposition of the defendant as to another crime. See also *US vs. Eason* 434 F Supp. *1217 (D.C. La. 1977).*

Denial of a motion for severance is improper when the Defendant shows such denial results in a specific and compelling prejudice. *US vs. Butera* 677 F. 2d 1376 (11th Cir. 1982). In *US vs. Herrera* 584 F. 2d 1137 (2nd Cir. 1978), the court held that denial of a severance motion is an abuse of discretion where there is showing that the defendant would not receive a fair trial as a result of such denial.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on the 17th day of August 2000 to Donald F. Chase, II, Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale Fl 33394.

Don S. Cohn, Esq.
Don S. Cohn, P. A.
1504 NW 14th Street
Miami, Fl 33125
(305) 324-1649