UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6032-CR-ZLOCH\SELTZER

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| LIONEL HANNA, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO BIFURCATE AT TRIAL THE FIREARM OFFENSE FROM THE OTHER INDICTED CHARGES**

The United States of America, by and through the undersigned Assistant United States Attorney for the Southern District of Florida, hereby files this response in opposition to the defendant's motion to sever or bifurcate at trial the Count IV charge in the indictment of possession of a firearm by convicted felon from the other two narcotics offenses and the possession of a firearm during a drug trafficking offense and shows the same should be denied by this Court for the following reason:

1. PAPERWORK PERTAINING TO THE DEFENDANT'S PREVIOUS FELONY CONVICTION FOR DRUG TRAFFICKING SEIZED FROM THE RESIDENCE SEARCHED AND FOUND TO HOUSE A CRACK COCAINE MANUFACTURING OPERATION IS ADMISSIBLE TO PROVE THE DEFENDANT LIVED THEREIN AND IS GUILTY OF THE INDICTED NARCOTICS OFFENSES THEREBY NEGATING THE NEED TO BIFURCATE THE TRIAL TO PREVENT THE JURORS FROM LEARNING ABOUT THE DEFENDANT'S STATUS AS A CONVICTED FELON UNTIL AFTER RENDERING A VERDICT ON THE OTHER THREE COUNTS OF THE INDICTMENT.

Wherefore, for the foregoing reason, the United States of America respectfully

1

requests that this Honorable Court deny the defendant's motion to sever or bifurcate at trial the Count IV offense of possession of a firearm by a convicted felon.

### ARGUMENT

I. PAPERWORK PERTAINING TO THE DEFENDANT'S PREVIOUS FELONY CONVICTION FOR DRUG TRAFFICKING SEIZED FROM THE RESIDENCE SEARCHED AND FOUND TO HOUSE A CRACK COCAINE MANUFACTURING OPERATION IS ADMISSIBLE TO PROVE THE DEFENDANT LIVED THEREIN AND IS GUILTY OF THE INDICTED NARCOTICS OFFENSES THEREBY NEGATING THE NEED TO BIFURCATE THE TRIAL TO PREVENT THE JURORS FROM LEARNING ABOUT THE DEFENDANT'S STATUS AS A CONVICTED FELON UNTIL AFTER RENDERING A VERDICT ON THE OTHER THREE COUNTS OF THE INDICTMENT.

The courts of other circuits have utilized one of two approaches to prevent a defendant charged with possession of a firearm as a convicted felon in a multiple count indictment from suffering prejudice because the jurors learn of his convicted felon status. One approach is the one advocated by the defendant whereby the trial is bifurcated. In the instant case, the jury would hear testimony and receive exhibits about the two drug offenses alleged in Counts I and II of the indictment and the possession by the defendant of a firearm during the commission of a drug trafficking offense charged in Count III of the indictment. Subsequent to the jury returning a verdict on those three counts of the indictment, the trial of the Count IV possession of a firearm by a convicted felon would commence. The government would essentially resubmit the testimony and exhibits previously admitted and provide proof of the defendant's prior felony conviction. This approach was followed by Judge Gold of our district in United States v. Bodie, 990 F. Supp. 1419, 1426, 1427 (S.D.FL. 1997) after he noted that the Eleventh Circuit Court of Appeals has not addressed this particular issue. However, the case relied upon by Judge Gold within his opinion, United States v. Joshua, 976 F.2d 844, 848 (3rd Cir.

2

1992)[1], has been criticized and refused to be followed in numerous opinions. United States v. Orena, 811 F.Supp. 819 (E.D.N.Y. 1992); United States v. Capers, 61 F.3d 1100 (4th Cir. 1995); United States v. Smith, 10 F.3d 724 (10th Cir. 1993); United States v. Marmolejos, 140 F.3d 488 (3rd Cir. 1998); United States v. Jacobs, 44 F.3d 1219 (3rd Cir.1995). In United States v. Edwards, 700 F.Supp. 837, 838 (W.D.Pa.1988), the court held that the bifurcated trial procedure replaced one kind of prejudice to the defendant with another:

> Rather than determining the guilt or non-guilt of the defendant as to Counts One and Two with knowledge of a prior felony conviction, the jury would determine the guilt or non-guilt of the defendant as to Count Three after hearing testimony relating to, and possibly convicting the defendant of Counts One and Two.

The second approach followed to minimize any potential harm to the defendant caused by the jurors learning of his convicted felon status is for the Court, at the time proof of his prior felony conviction is introduced, to give a cautionary instruction to the jurors that said evidence is admitted only to prove the felon in possession of a firearm charge in the indictment and not to determine the guilty or innocence of the defendant as to the remaining counts of the indictment. This cautionary instruction can be

---

[1]"We conclude that the procedure adopted by the district court here strikes an appropriate balance between the concern about prejudice to the defendant and considerations of judicial economy. Our concern . . . was that the necessity of introducing evidence of the defendant's criminal record in order to prove the weapons possession charge would prejudice the defendant during the jury's deliberations on other counts. The bifurcated trial procedure adopted here addresses that concern. The defendant's criminal past is not made known to the jury until after they have reached a verdict with respect to the other charges. At the same time, this procedure is considerably more efficient than conducting an entire new jury trial on the weapon possession charge at a later date. United States v. Joshua, 976 F.2d 844, 848 (3rd Cir. 1992).

3

repeated when the Court instructs the jury as to the law applicable in the case.

> [Appellant] now seeks a *per se* rule that would automatically sever the felony-gun possession charges from the other charges in his multicount indictment and give him, as well as all like-indicted defendants, a separate bifurcated trial on that charge. We previously addressed this problem in United States v. Silva, 745 F.2d 840, 843-844 (4th Cir. 1984), cert. denied, 470 U.S. 1031 (1985). There, we refused to adopt a *per se* rule that a charge under 18 U.S.C. 922(g) should always be severed from other counts in an indictment. Silva, 745 F.2d at 844. We did so because we felt the proper balance between fairness to the defendant and judicial economy did not usually require a bifurcated trial when these counts are charged together. Silva, 745 F.2d 844. We held instead that with a proper limiting instruction and sound case management, the district court could avoid the possibility of undue prejudice when the prior felony conviction is presented to the jury. Silva, 745 F.2d 844.

United States v. Harris, 1993 WL 39569 (4th Cir. 1993); United States v. Crowder, 464 F2d 1284, 1285 (9th Cir. 1972).

This Court's decision of whether to bifurcate the trial or issue the jurors a cautionary instruction may rest on the Court's ruling concerning the admissibility of evidence of the defendant's previous conviction for a purpose unrelated to the Count IV possession of a firearm by a convicted felon offense. The defendant is indicted in Counts I and II of the indictment for possessing with the intent to distribute on January 7, 2000 five (5) kilograms of cocaine in the trunk of a 1998 Infiniti I 30 loaner car he was driving (Count I) and operating within his residence a cocaine base or "crack cocaine" manufacturing plant (Count II) when the same was discovered also on January 7, 2000 during the execution of a search warrant. As this Court knows, the defendant's defense to the charges is limited. No informant or undercover agent was involved so the entrapment defense is inapplicable. The defendant cannot in good conscience admit the house searched is his residence but deny knowing of the presence of the crack

4

cocaine manufacturing plant operating within the house's four walls as cocaine, "crack cocaine," cutting agents, pots, pans, cooking utensils, heat sealers, and scales were found scattered throughout the residence. The kitchen cabinets and the refrigerator contained only enough food and beverage for a hunger striker. The pantry was empty except for bug repellant. Therefore, the defendant's only defense is that he either did not live at the residence searched[2] and found to contain the crack cocaine manufacturing plant or someone else was responsible for the presence of the narcotics operation found within.

The Government to prove the defendant lived at the residence found to contain the crack cocaine manufacturing plant intends to introduce documents recovered from the master bedroom that are connected to the defendant. One such exhibit would be paperwork pertaining to the defendant's prior arrest and his subsequent conviction in the Eleventh Judicial Circuit in and for Dade County, Florida for the offenses of conspiracy to traffic cocaine and trafficking in cocaine. No one other than the defendant would have reason to be in possession of these papers. Therefore, the government will seek to convince the jurors that the presence of these court records and other documentation within the house wherein crack cocaine was being manufactured proves the defendant is the person responsible and is guilty of the offenses charged in the indictment.

We think that in ruling on a pre-trial motion to sever the district court

---

[2] The defendant's Florida drivers' license listed the address of the house searched, 416 NW 14th Way in Fort Lauderdale, as his residence. Further, the defendant told the arresting officer and the lead detective that he lived at the house searched.

> should determine whether evidence of the prior convictions would be *independently admissible* on the other counts. If it is determined that the convictions would not be admissible on the other counts--that were these counts to be tried alone the jury would not hear this evidence--then severance should be granted. (Emphasis added)

United States v. Joshua, 976 F.2d at 847.

The police reports and court records related to the defendant's previous drug trafficking conviction found within the house searched are admissible independent of the Count IV possession of a firearm by a convicted felon offense to prove the defendant's culpability in the crack cocaine manufacturing plant found operating therein.

If the Court permits the Government to introduce into evidence for the jurors' review the paperwork pertaining to the defendant's prior drug trafficking conviction found within the house used to manufacture powder cocaine into crack cocaine, the bifurcation of the trial would be nonsensical. No reason would exist to bifurcate the trial to prevent the jurors from learning of the defendant's prior felony drug conviction when evidence of the same has been introduced by the Government to prove the defendant responsible for operating the crack cocaine manufacturing plant within the house searched. If the Court were to exclude from evidence the paperwork related to the defendant's previous drug conviction, the question of whether to bifurcate the possession of firearm count from the other charges in the indictment would remain. Whereas a cautionary instruction to the jurors has been found to be sufficient to cure prejudice, if any, the defendant may suffer, the bifurcation of the trial eliminates any risk of such occurring.

WHEREFORE, the Government would request that the Court deny the defendant's motion to bifurcate the firearm charge at trial from the other indicted

6

offenses as evidence of the defendant's prior felony conviction in the form of documents found within the house searched is, independent of the Count IV felon in possession of a firearm charge, relevant and admissible to prove he operated the crack cocaine manufacturing plant found within the residence located at 4165 NW 14th Way in Fort Lauderdale. Should the Court exclude such evidence, the Government will defer to the Court as to the best method to utilize.

          Respectfully submitted,

          GUY A. LEWIS
          UNITED STATES ATTORNEY

By: _____
      DONALD F. CHASE, II
      ASSISTANT UNITED STATES ATTORNEY
      Court No. A5500077
      500 East Broward Boulevard, Suite 700
      Fort Lauderdale. Florida 33394
      Tel: (954) 356-7255
      Fax: (954) 356-7336

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered by United States mail and facsimiled this 28th of August 2000 to Don Cohn, Esq., 1504 NW 14th Street, Miami, Florida 33125.

_____
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

7