UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 00-6032-CR-ZLOCH(s)

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )
)
LIONEL HANNA, )
)
Defendant. )
_____ )

**UNITED STATES' RESPONSE TO THE DEFENDANT'S PSI OBJECTION**

The United States of America, by and through the undersigned Assistant United States Attorney, files its response to the defendant's objection to the Pre-Sentence Investigation report (hereafter referred to as "PSI") and shows the same should be denied for the following reason:

I.  DRUG DEPENDENCY IS NOT A LEGITIMATE BASIS TO SUPPORT A SENTENCING DOWNWARD DEPARTURE.

Wherefore, for the foregoing reason, the United States of America respectfully requests that this Court deny the defendant's objection to the PSI.

**ARGUMENT**

I.  DRUG DEPENDENCY IS NOT A LEGITIMATE BASIS TO SUPPORT A SENTENCING DOWNWARD DEPARTURE.

The Sentencing Commission has specified that society's interest in punishment and deterrence outweighs the "drugs made me do it" excuse for crimes committed by a

-1-

defendant to feed his drug habits or while under the influence of drugs. Moreover, claims of being driven to drugs by the habituation of prior drug use, disadvantaged upbringing or poor socioeconomic life conditions have been weighed by the Sentencing Commission and found insufficient ordinarily to overcome the societal interest in deterrence and punishment. United States v. Hunter, 980 F.Supp. 1439, 1449 (M.D. Ala. 1997).

> Drug dependence or alcohol abuse is not a reason for imposing a sentence below the guidelines. Substance abuse is highly correlated to an increased propensity to commit crime . . .

U.S.S.G. §5H1.4.

The Supreme Court has specifically confirmed that certain factors listed in part 5H of the Sentencing Guidelines, including drug dependence, "never can be bases for departure." Koon v. United States, 518 U.S. 81, 93 (1996). See United States v. Deigert, 916 F.2d 916, 919 n. 2 (4th Cir.1990) ("[D]rug abuse . . . may not, under even extraordinary circumstances, . . . support a downward departure."); United States v. Webb, 134 F.3d 403, 407 (D.D.C. 1998); United States v. Kirkeby, 11 F.3d 777, 779 (8th Cir. 1993)(Trial court was not entitled to depart downward from sentence based on fact that defendant acquired cocaine only to feed his own drug habit); United States v. Hunter, 980 F.Supp. at 1449 (Motions for sentence reduction grounded on the defendant's addiction to drugs are insufficiently unusual and extreme to warrant a departure based upon the interplay between U.S.S.G. §§5H1.4 and 5K2.11).

The case cited by defense counsel in support of his motion for downward departure, United States v. Maier, 777 F. Supp. 293 (S.D.N.Y. 1991), pertains to

extraordinary efforts expended by a first time offender to overcome her addiction by submitting to a drug treatment program and attending a trade school to obtain lawful employment. Such efforts at rehabilitation have not been exhibited by Hanna since his arrest. In fact, Hanna denies suffering from any form of drug addiction: "The defendant enjoyed using crack cocaine but did not view himself as addicted to it." Paragraph 70 of PSI at page 19.

A reduction of sentence based upon past drug addiction has the net effect of rewarding a defendant for violating the law. To ingest or use drugs one must possess the narcotic. Possession of narcotics, such as crack cocaine, is against the law. Unlike mental illness that may be inherited or cause by environmental influences over which a defendant had no control, an addiction to drugs begins with a decision by the addict to use the same and the subsequent volitional act of ingestion. Consideration is given to downward departures for mentally ill defendants because their actions are not the result of rational thought. However, individuals not afflicted with mental illness should be held accountable for the consequences of their decisions. The conclusion reached by the Court in <u>Hunter</u>[1] is equally applicable to the defendant Hanna: the defendant could have sought treatment for his drug addiction rather than engage in conduct involving narcotics and firearms, which he knew to be illegal, to support his habit.

Wherefore, for the foregoing reasons, the United States of America respectfully requests that this Court deny the objection filed by the defendant to the Pre-Sentence

---

[1] 980 F. Supp at 1449.

Investigation Report.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500077
500 East Broward Boulevard, Suite 700
Fort Lauderdale. Florida 33394
Tel: (954) 356-7255
Fax: (954) 356-7336

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered by United States mail and facsimiled this 16th of November 2000 to Don Cohn, Esq., 1504 NW 14th Street, Miami, Florida 33125 and Frank E. Smith, U.S. Probation Officer, 299 East Broward Boulevard, Room 409, Fort Lauderdale, Florida 33301-1865.

*[signature]*
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY