UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

CASE No. 00-6032-Cr-ZLOCH ✓

LIONEL HANNA, )
   PETITIONER, )
v. )
UNITED STATES, )
   RESPONDENT. )
_____ )

**01-6618**
CIV-ZLOCH
MAGISTRATE
SORRENTINO

MOTION TO VACATE SENTENCE
AND/OR
REQUEST FOR AN EVIDENTIARY HEARING

Comes now Petitioner Lionel Hanna (who has duly sworn to this foregoing instructment) and moves This Court pursuant to 28 U.S.C.§ 2255; Price v. Johnston, 334 U.S. 266,292 (1948) and Sander v. United States, 873 U.S. 1 (1963) to enter an order vacating His sentence and/or request for a evidentiary hearing.

Petitioner is presently serving sentences for four (4) counts which are offenses against the United States and in violation of:

TITLE & SECTION

COUNT 1: 21:841 (a) (1)- Possession  with intent to distribute  in  excess five kilograms of cocaine (Date of offense 1/00);

COUNT 2: 21:841 (a) (1)- Possession with intent to distribute in excess of five grams of cocaine base (Date of offense 1/00);

COUNT 3: 18:924 (c)-    Possession of a firearm during the commission of a drug trafficking offense (Date of offense 1/00); and

COUNT 4: 18:922 (g) (1)- Possession of a firearm by a convicted felon
(Date of offense 1/00).

And as to the above-said Count 1 Petitioner was sentenced to 120 months; Count 2 Petitioner was sentenced to 120 months; Count 4 petitioner was also sentenced to 120 months, and relating back to Count 1,2 and 4 the sentencing therefor and of was ran concurrently. And as to Count 3 Petitionerw was sentenced to 60 months and that sentence is to be served consecutively of Count 1,2 and4 (in to-to) Petitioner is serving a total of 180 ~~months~~ months.

IN SIMILARITY THE COURT's RECORDS SHOULD REFLECT THE SAME.



## GROUNDS AND REASONS FOR GRANTING THIS MOTION

The conviction and sentence of Count 1,2,3 and 4 pursuant to which Petitioner is being detained was obtained and imposed in violation of the Petitioner's Rights under the 4th, 5th, 6th and 14th Amendmemts as guaranteed by the Constitutional of the United States in that ( at commencement and thereon) due to a numerous of procedures tactics that was adminstered unfairly

and because of ineffective assistance of counsel(s) the Petitioner was violated and deprived of Constitutional, Fundamental, Exclusive and Procedures Rights.

And the presented and entered plea(s) of guilty and confession(s) of guilty (by the Petitioner) was involuntarily submitted and entered before the court. Plus, Petitioner's Fundamental and Exclusive Rights under Fed.R.Cr.P., Rule 11 was violated; and Petitioner was deprived of His Procedures Rights pursuant to Fed.R.Cr.P., Rule 11(a)(2) (Conditional Pleas). AND THE SAID VIOLATION AND THE SAID DEPRIVATION UNDER RULE 11 WERE BOTH NEWLY DISCOVERED BY PETITIONER.

And in support of the grounds and reasons for granting this motion, Petitioner contends and shows:

(2)

FACTS

(1) On the 7th day of January, 2000 and at the beginning of
this cause, Petitioner resided at 416 N.W. 14th Way, Fort Lauderdale,
Florida--- not far from the (I-95) Expressway and much closer to
Broward Boulevard (located in Broward County, Florida).

(2) Petitioner had been up all'night smoking (crack) the
stimulus drug cocaine and enhancing His sexual motivation by orally
consuming a numerous of Viagra Pills plus, lack of rest was taking its
tow on the Petitioner's body and mind.

(3) Nonetheless and further on into say'light hours of that 7th
day of January, 2000 (and eventhoughthe Petitioner's body and mental
factulties was still somewhat impared from the all'night of smoking
crack cocaine, consuming a numerous Viagra Pills and lack of rest),
the Petitioner was driving on the (I-95) Expressway presumably
somewhere in the area of Broward County, Florida going (destination
home) North'bound and had an accident (bypassing a few occurrences
thereat), 15 minutes later (give or take) on Broward Boulevard,
the Petitioner had a second accident was stopped by a Police Sergeant
(Mr. Frank Miller) and the said Police Sergeant queried the Petitioner
as to why was He in such a rush.

(4) Thereof the said Police Sergeant Mr. Miller querying and
bypassing several other thereat occurrences, as soon as Petitioner
noticed that the Police Sergeant Mr. Miller eyes were not focuing
Him---He, the Petitioner got back into His car and quickly drove
away and immediately thereafter the Police Sergeant Mr. Millerwas
back into his car and in pursue of the Petitioner.

(3)

(5) the pursue was not long, for the Petitioner (give or take) was about three blocks from (destination home) His resident and with the Police Sergeant (Mr. Miller) still in chase, the Petitioner circled His resident a couple of times, there were many witnesses close and about the area of the Petioner's resident observing the chase (pursue) scene infact, the Petitioner accidently almost hit (with car) one of the observing witnesses which was a big black man with a shovel in his hand that was standing in the middle of the street just before the Petitioner's resident.

(6) With Police Sergeant (Mr. Miller) still in pursue and following the accident of almost accidently hitting (with car) one of the observing witnesses, the Petitioner circled the adjointed blocks of His resident one more time and drove into His next door neighbor yard, stopped the car, removed the car'keys from the ignition and with only car'keys in hand exited the. The said Police Sergeant (Mr. Miller) had also brought his car to a stop and was approximately two car links behind the Petitioner.

(7) The manner that the Petitioner exited His car was in no way provoking (truthfully) with witnesses closely observing, the Petitioner exited the car with visible car'keys in open hand and arms extended indicating that He the Petitioner was without any weapons and with an apologetic smile and expression showing that He was sorry for what unplesant occurrences that He'd caused the Police Sergeant (Mr. Miller) to had undergone and the Petitioner who trully wanted to give an explaination for His actions proceeded to walk (not run) in the direction of Police Sergeant (Mr. Miller) but surprisely and not in accordance to Police Rules and Regulations, Police Sergeant (Mr. Miller) came running with gun in hand and physically thrusted the Petitioner face'down to the ground, the car'keys dropped from the Petitioner's hand, the Police Sergeant (Mr.Miller) hand'cuffed the Petitioner's hands behind His back and rudely removed over $2,500 from the Petitioner's pockets.

(4)

(8) In very close view of observing witnesses, and without any inquiry or any deternation as to was the Petitioner heavily induced with alcohol, mentally depressed, highly effected from the use of drugs or mentally deranged, the Police Sergeant (Mr. Miller) totally disregarded Police Rules and Regulations and without any regards for the Petitioner's Rights, the Police Sergeant (Mr. Miller) quickly removed Petitioner from the ground and placed Him in the back'seat of the police 'car, which constitutes that the Petitioner was under arrest and the requirement of the Petitioner's Miranda Rights, should have but was not put'forth.

(9) In plain view of observing witnesses and as Petitioner observed from the back'seat of the police'car, one (1) Female Police Officer Ms. Joyce Fleming immediately arrived and begin looking in and around Petitioner's car, the Female Police Officer Ms. fleming reached down and picked'up Petitioner's car'keys from the ground and with reckless disregard to the Petitioner's Miranda Rights plus, no odor alert, no first put dog sniff and without request for consent, the Female Police Officer Ms. Fleming (before observing witnesses) opened Petitioner's trunk and after a few second, she shouted: "WE HAVE COCAINE". [No chemistry testing]. And then she walked away from Petitioner's trunk and after a few brief moments, she returned with a dog, she picked the dog from the ground and put the dog into the trunk of Petitioner's car.

(10) Other Officials (in question) of the Broward County Police Department arrived at the scene and while Petitioner was observing from the back'seat of the police'car and in eye'sight of a many witnesses that was in close range observing as the money (that had been rudely taken from Petitioner) be counted on the police'car and no receipt was presented to Petitioner, leaving the counted money to be determined as to ant amount that they may chose for it to be (specifying the word they to mean: "THE OTHER OFFICIALS ( in question) AND POLICE SERGEANT MR. MILLER".

(11) However, one particular <u>Uniform Police Officer</u> (in question) came and took a seat in the front of the police'car and asked Petitioner: "HOW MUCH DID YOU HAVE". The Petitioner replied that He had over $2,500. And without an exact quote of how much money that was counted, <u>the said Uniform Police Officer</u> ststed to Petitioner He (the Petitioner) was correct for <u>the money was over $2,500</u>. Moreover, amongst other inquries and suggestions (not herein mentioned), the <u>Uniform Police Officer</u> avoided conversating any further concerning the amount of the money and requested that Petitioner ɡive consent for other officers and him to enter into Petitioner's resident which thereupon Petitioner denied and the <u>Uniform Police Officer</u> politely opened the car door and quietly departed.

(12) Witnesses remained close and in eye'sight range continually abserving and Petitioner was still sitting in the back'seat of the police'car when a <u>Detective Mr. Andrew Pallen</u> approached the police'car and offered a proposition that if He (Petitioner) would give information as to were the cocaine came from he'll talk to the judge and make things go easer. The Petitioner response was: "YOU'LD HAVE'T GIVE ME A REAL GOOD OFFER". And ensuing Petitioner's response, <u>Detective Mr. Pallen</u> beginned to insinuate with proffers that had no positive stability and to be brief and truthful, the Petitioner refused to accept any proffers from <u>Detective Mr. Pallen</u>. In a final effort, <u>Detective Mr. Pallen</u> requested of Petitioner to allow other Officers of Broward County Police Department and him to enter into Petitioner's resident and without hesitation, Petitioner (with an intensified emotion) flat denied such request and thereupon, the <u>Detective Mr. Pallen</u> with a face of affliction and a dreadful look of animosity in his eyes for Petitioner, he <u>Detective Mr. Pallen</u> quickly walked away from the petitioner.

(6)

(13) The witnesses that were and was continually observing the Police Sergeant Mr. Miller and Petitioner consisted of neighbors and their visitors, passerbys and pipeline'workers, all witnesses was about and close to Petitioner's resident. Infact, the pipe'line worker that Petitioner accidently almost hit (supra, para. (5)) was just before Petitioner's residence closely observing Police Sergeant Mr. Miller (who from a running) hostility and physically forced Petitioner to the ground and rudely removed the said over $2,500 from Petitioner's pockets.

(14) The Company for which the pipe'line workers were employed by is not known by Petitioner but the Pipe'workers had been working on the water'line pipes for many months near and close to Petitioner's residence. And eventhough Petitioner never inquired, He was of the belief that the pipe'line workers and their employment was in some way connected with the City of Fort Lauderdale, Florida.

(15) No officer that appeared on and at the scene of this cause made any attempt to advise Petitioner of His Maranda's Rights and they did not to make an on scene determination as to was Petitioner mentally depressed, heavily induced with alcohol, highly effected from the use of drugs or mentally deranged.

(16) Being that the Petitioner would not consent to entering of His resident and not long after, the Petitioner was driven away and taken to the city jail on Broward Boulrvard (located in Broward County, Florida) wherein at He was placed and detained in a holding cell.

(17) Later that evening, Petitioner's Son (Lysander Hanna) was also brought and placed into the same holding cell with (his Father) the Petitioner. Immediately, Lysander informed the Petitioner that the officers of Broward County Police Department had acquried a warrant and did so entered Petitioner's residence and as told by Lysander who was presence and on the premises but was force to remain out'side and without supplying verbal or documented information to (the Petitioner's Son) Lysander who also resided at the Petitioner's said residence. The officers (in question) the Ones that entered and conficated valuable jewelry and money from the Petioner's and His Son's residence,not only did the officers recklessly disregarded Petitioner's and His Son's Rights but also, They (the officers, in question) violated Police Rules and Regulations.

(7)

(18) He, the Petitioner personally knew that within His residence, He'd left over $3,000 and a great deal of valuable jewelry lying on the bed however, the first information that the Petitioner received pertained no information about the jewelry therefore, the Petitioner (through personal arrangements) aquired the service of Private Attorney Mr. Robert L. McKinney.

Via the Private Attorney Mr. McKinney, Petitioner was informed that the Authorities (speaking particular of Mr. Jeffrey J. Hochman Police Legal Advisor) ithout a listing or a description of the jewelry (he), the Police Legal Advisor wanted Petitioner to forfeit a piaget wrist'watch,$25,000 and a Q45 Automobile, and They the said Authorities(Police Legal Advisor) would return to Petitioner all woman jewelry, $5000 and other items of standard value.

For personal reasons not explained herein, the Petitioner did not accept the said proposal from the Police Legal Advisor.

(19) Upon and at Petitioner's arrangement, the court appointed the Fed. Pub. Def. Office to represent the Petitioner's cause, and/or within a day (or more) a Supervisory Assistance Federal Public Defender Mr. Robert N. Berube was assigned to Petitioner's cause.

(20) Approximately several days later and after being made aware of the Prosecutor's offer of 180 months, Petitioner awared the Attorney Mr. Berube of all the details surrounding the case and of the witnesses that He (Petitioner) so desired to have subpoenaed, brought before the court and testify in His (Petitioner's) behalf and Petitioner informed Attorney Mr. Berube of the relevancy of the witnesses and stated reasons of why the witnesses would be favorable to His (Petitioner's) defense. Plus, Petitioner placed into the court's records written documents which implicated that money and valuable jewelry was stolen from Him by Officers of Broward County Police Department.

(21) Moreover, Petitioner also awared Attorney Mr. Berube of such thievery nonetheless other than the filing of standard procedure motions, Attorney Mr. Berube made no investigation, did not even try to locate the witnesses that Petitioner so desired to

have subpoenaed and brought before the court for purpose to testify defensively in the behalf of the Petitioner. However and being truthful, <u>Attorney Mr. Berube</u> seemed to be pacified with being a courier for the Prosecutor, for upon each visit, rather than discussing investigation matters and means for a defense, <u>Attorney Mr. Berube</u> was continually urging strongly upon Petitioner to enter a plea of guilty.

(22) The refuser to investigate, failure to make a good-faith effort to locate and subpoena and bring before the court relevant and material (available) witnesses and to never even insinuate a possible means of a defense plus, to continually pressure for a entering of a guilty plea by <u>Attorney Mr. Berube</u> was in no way in compliance with Petitioner's desires therefore,

Petitioner filed a motion for dismissal of counsel which was denied nonetheless, at a later date and by the assistance of Others (not mentioned herein), Petitioner retained <u>Atty Mr. Don S. Cohn</u> who He Petitioner provided with all details involved and surrounding His cause <u>(in particular), Petitioner informed Atty Mr. Cohn of the fact that He believed that the Police Sergeant Mr. Miller may have been holding a personal grudge against Him (the Petitioner)</u> for,

(23) prior to the occurrences and the arrest in this cause, <u>there have never been allegations or insinuations that Petitioner was dealing or trafficking drugs from His residence</u> nevertheless, <u>many of months ago, on three (3) occasions officers of Broward County Police Department entered Petitioner's residence.</u> On the first occasion a police came and said that he'd received a call that a woman was within Petitioner's residence being held against her will, and upon a search, the police (in question) conclued that he'd received a false complaint. <u>On two (2)other occasions not only did the polices arrived but they the polices were accompanied by the a Fire Department</u> which stated that someone had reported a fire, and after a fireman had looked throughout the Petitioner's residence, such report had to be unsound. <u>And being that it was the third (3rd) Fabricated Scheme (Hoax)</u> for purpose to enter into Petitioner's residence, <u>the Petitioner spoke rudely to several police officers</u> (whom names He did not know) <u>and may have caused Their minds to be inflamed with a grudge.</u> With all earnesty, <u>Petitioner informed Atty Mr. Cohn that He had subtle reasons to believe that the Police Sergeant Mr. Miller was One (1) of the officers that He (the Petitioner) had spoken rudely to</u> (supra).

(24) AS the records should show, by written documents, Petitioner did aware Atty Mr. Cohn of the thieving'polices that stole Petitioner's monies and jewelry plus, the Petitioner urgently requested (to and) that Atty Mr. Cohn investigate His cause, subpoena all relevant and material witnesses and to include the state officials that was an element to Petitioner's cause.

Atty Mr. Cohn did so promised that he would thoroughly investigate the case, take statements, file for a suppression hearing and subpoena all relevant and material witnesses.


(25)Petitioner trusted that Atty Mr. Cohn would keep his above-said promise however, Atty Mr. Cohn only took interest and concern into retrieving what monies that he could retrieve from the Police Legal Advisor which involved around the forfeit (mentioned-above) intact, after he Atty Mr. Cohn had retrieved $6,000 and ensuing therefrom removing $1,200 and giving it to Petitioner---

Atty Mr. Cohn had Petitioner to give him $500 for a Private Investigator Mr. _____. And at a later date, he the Private Investigator Mr. _____ informed the Petitioner (by phone) that he only went and picked'up the jewelry and other less valuable possessions that belonged to the Petitioner. [recored at Miami Detention Center, Miami, Florida]. Approxmately, all following visits from thereon, Atty Mr. Cohn constantly implied to Petitioner to enter a plea of guilty.


(26) Can't recall the date and time but somewhere along the line the Judge inquired and ask: "HAS ANY AGREEMENT BEEN REACHED IN THIS CAUSE". And after learning that no agreement had been reached, the Judge said: "THESE THINGS HAS THEIR WAYS OF WORKING THEMSELVES OUT".

And ensuing the latter said by the Judge, the Petitioner felt a sense of intimidation and had doubtful emotions about the Judge.


(27) At the commencement of the suppression hearing, the Petitioner who had put the faith of His liberty in the hands of Atty Mr. Cohn--- He, the Petitioner was made aware (for the first time) that

(10)

other than the above-said retrieving of money and jewelry, Atty Mr.Cohn made no investigation, never mentioned a possible defense, did not subpoena any of the witnesses (in question and mentioned-above), nor did Atty Mr. Cohn make any attempt to subpoena or take statements from any of the available state officials that was a participant in this cause. See attached Exhibit A, p.1-2:

(28) The leading Police Sergeant Mr. Miller misrepresented the facts (and perjury himself) in this cause wherein he testified before the court that he opened Petitioner's trunk and found the cocaine but, the truth of the matter is that with disregard to the Petitioner's required Miranda Rights and other Rights, the Female Officer Ms. Joyce Fleming (before observing witnesses) Petitioner's car'keys from the ground and immediately opened the Petitioner's trunk and shouted: "WE HAVE COCAINE". (supra, para. 9).

(29) Detective Mr. Andrew Pallen misrepresented the facts and committed perjury when he stated before the court that without any encouragement the Petitioner gave an incriminating statement of guilt--Such perjury was misleading to the court and untrue for, as a knowing fact to the Petitioner and if witnesses (in question) would) would have been made available, the court would have learned that the truth of the matter was that in violation of Petitioner's Miranda Rights and other Rights, Detective Mr. Pallen eliticed a conversation from the Petitioner by means of a proffer (supra, para. 12); and although many witnesses were within eye'sight range to be an observer, there were one (1) in particular witness that was very close and more than sure would testify to what he'd seen and heard throughout the pursue, the arrest, the finding of the cocaine, and he may/will testify to the proffer that Detective Mr. Pallen did so put'forth to Petitioner (supra).

(30) Only two (2) Broward County officials testified at Petitioner's suppression hearing and without doubt, Petitioner was deprived of His Rights to effective assistance of counsel and was prejudiced therefrom because of Atty Mr. Cohn's deficient performance testimony of and from relevant and

material witnesses (inquestion and mentioned-above) and testimony of relevant and material (available) state officials were not put before the court (see attached Exhibit A, p. 1-2) thereby, Petitioner was denied His Rights to a defense and was denied His Rights to a full and fair hearing and the court's decretion was swayed astray.

(31) Also, Atty Mr. Cohn by not making a good-faith effort to locate and subpoening relevant and material (available) witnesses was prejudiced to the Petitioner because it allow the zealous Prosecutor Mr. Donald F. Chase, II to freely set the stage,conduct the show and put on a performance that would be most favorable for the Prosecutor--- For example, the Prosecutor Mr. Chase was aware of all the state officials that was an element and a participant to Petitioner's cause (see attached Exhibit A, p. 1-2) yet, he the Prosecutor Mr. Chase elected not the let the court hear the truth and full details surrounding the case thus, violating Petitioner's Rights under the 6th and 14th Amendments---

        Just for one example, the Female Officer Ms. Joyce Fleming testimony would have and will impeach the testimony of Police Sergeant Mr. Miller (supra, para. 9) and the above-said witnesses (inquestion) testimony(s) will impeach allof the state officials statements and testimony(s).

(32) After Petitioner's unfavorable suppression hearing He, the Petitioner was very distraughted and Atty Mr. Cohn (who He thought was His shield and armor turned'out to be untrustworthy and just another courierfor the Prosecutor) was constantly suggesting to and for Petitioner to enter a plea of guilty.

(33) Not only did Atty Mr. Cohn suggested to and that Petitioner should enter a plea of guilty but (also) his Associate Mr. _____ (who    was    recognized before the court at the suppression hearing) affiliated himself and stipulated (to Petitioner) that He (Petitioner) should enter a plea of guilty.

(34) The Petitioner whi has always been very good at concealing His emotions (and was then'so doing) in an effort to show signs of bravery, the Petitioner who was trully disorient asked Atty Mr. Cohn was he going to appeal the court's denial of the suppression motion, and for the first time, Atty Mr. Cohn told Petitioner that

(12)

the trial will still commence even if he should appeal. And the Petitioner who was
of the blif that an appeal would delay the commencement of a trial was once again
befuddled.

(35) The Petitioner who was baffled, brain'whipped and with listening to
both Atty Mr. Cohn and his Associate Mr. _____ _____ constantly pressuring for
a plea of guilty (the Petitioner whose ment al resist ance could st and no more) and
eventhough He (the Petitioner) was not trully willing, told Atty Mr. Cohn and his
Associate Mr. _____ _____ that He (Petitioner) would enter a plea of guilty.

And from thereon, Atty Mr. Cohn on all accasions that he came to visit
Petitioner was for purpose to have Petitioner to sign documents to the admitt ance
of guilty.

(36) Prior and on the day scheduled for Petitioner to enter into the court-
room, Atty Mr. cohn persuadably instructed Petitioner that He must be convincing
in order to get the Judge to accept a guilty plea, and (without a willing intent),
Petitioner stretched His imagination went before the court and entered a plea of
guilty and confession(s) of guilty that was not in good-faith nor were they in
truth voluntarily submitted before the court infact, the Petitioner was pressured
and persuaded (above-mentioned) into entering the plea(s) and confession(s) of
guilty therefor entered.

(37) Moreover, Petitioner who was concealing His true emotions of distress
and who is not trained in the science of law did not aware the court of the fact
that He had been pressured and mentally persuaded into entering the above-said
involuntarily plea(s) and confession(s) of guilty therefor entered because based
on the court's denial of Petitioner's motion to suppress and reflecting back to the
Judge's inquiry and what was said by the Judge (supra, para. 25) plus, after
researching finding numerous of favorable case law Authorities, Petitioner was of
the belief that (throughout all proceedings) He had and was undergoing theatrical
drama of court-room unfair justice that (eventhough it was difficult to perceive)
all of the Participants was fully aware of legal proceedings and (with ingenuity)
played Their role and amorally disregarded Petitioner's Rights.    And Petitioner
believed (as He do now) that the Judge was a self'appointd Participant of the
unfair justice and was a foe that Petitioner could not trust and Petitioner was
more'so fearful of the Judge and his Judicial Power (thus), Petitioner concealed
His emotions of distraught and withheld the truth of His involuntary plea(s) and
confession(s) of guilty therefor entered

(38) In accordance to more case law Authorities than need be shown, Petitioner believed and still believes that He has been treated unfairly by Police Sergeant Mr. Frank Miller; Detective Mr. Andrew Pallen; Prosecutor Mr. Don S. Chase and the Judge Mr. Zloch.

(39) And in light of the fact that Atty Mr. Cohn failed to investigate, refused to try and locate or subpoena relevant and material (available) witnesses, denied Petitioner His to Rights to a defense, denied Petitioner His Rights to a full and fair hearing and etc. With logical a logical view of the matter, Petitioner is the belief that Atty Mr. Cohn self'contributed and was a Participant of the theatrical drama of unfair justice (supra).

(40) Attorney Mr. Robert N. Berube and Atty Mr. Don S. Cohn trully denied Petitioner His Rights to effective assistance of counsel. And additionally,Petitioner recently newly discovered by law that for Atty Mr. Cohn to use his Associate Mr. _____to pressure and *mentaly* persuade Petitioner into entering a plea of guilty was and is a violation of Petitioner's Rights under Fed.R.Cr.P., Rule 11.

(41) And furthermore (whereat now confined) through and by dligently researching (just recently) Petitioner newly discovered that an accused has legal procedures Rights to plea guilty and reserve the right to appeal from the denial of a motion to suppress (see attached Exhibit B, p. 1-2):

(42) Moreover, Atty Mr. Cohn (who was inactive) never awared and denied Petitioner His legal Procedures Rights to (at least or) have stipulated within the plea agreement that Petitioner would enter aplea of guilty with the right to reserve to appeal the denialof the motion to suppress. Thus (in to-to),such inactive and denial of Petitioner's legal Procedures Rights falls within the rem of ineffective assistance of counsel and a complete denial of Petitioner's Rights to DUE PROCESS AND EQUAL PROTECTION OF THE LAW.

(14)

(43) Atty Mr. Cohn standard of performance was lack lacking and violated the Petitioner's under the 6th and 14th Amendments (such is so) because other than filing formality motions and retrieving money, jewelry and less valuable possession (supra, para. 25), Atty Mr. Cohn did not even attempt to make an investigation, never mentioned (to Petitioner) about any possible defense, failed to make a good-faith effort to locate, subpoena relevant and material (available) witnesses, failed to take statements or subpoena available witnesses which included stats officials that was an element and a psrticipant to the Petitioner's cause. See attached Exhibit A, p. 1-2:

(44) In totality, Atty Mr. Cohn deficiency in performance prejudiced the Petitioner for such deficiency performance by Atty Mr. Cohn, denied the Petitioner His Rights to a defense plus, denied the Petitioner His Rights to a full and fair suppression hearing (thus), swayed the court's decretion astray, distraughted the Petitioner's thoughts and added to the on'going pressure and persuasion (from Atty Mr. Cohn and his Associate Mr _____, supra, p. 33, 35). such said prejudice completely disrouted the Petitioner's mind from thinking clearing.

(45) The    was and is material and relevant witnesses to this cause is pertinent for they were on the scene observers and in eye'sight and hearing range of the pursue, the arrest, finding of the cocaine and near enough to (may) have heard the proffer that the Detective Mr. Pallen put'forth and unfairly eliticed a conversation from the Petitioner (supra, para. 12).

(46) And if called upon the above-said witnesses (in question) will testify to the fact that the Petitioner emerged from His car with extented arms and car'keys in open'hands (showing no signs of a weapon) walked (not run) towards the Police Sergeant Mr. Miller , and the said witnesses will testify that the Police Sergeant Mr. Miller roughly and physically forced the humble and submitting Petitioner to the ground, rudely removed money from  (the none resisting) Petitioner's pockets, handcuffed the Petitioner's hands behind His back, removed the Petititoner from the ground and put Him into the police'car.  Plus, they the said witnesse will testify to the fact that

(15)

Female Officer Ms. Joyce Fleming immediately appeared on the scene and picked'up Petitioner's car'keys from the ground opened the trunk and within a few seconds, shouted: "WE HAVE COCAINE". (supra, para. 9). Also, they the said witnesses (in question) may/will testify that they overheard the proffer that Det. Mr. Pallen did so put'forth to the Petitioner. (supra, para. 12).

(47) Throughout Petitioner's cries and complaints against state officials misconduct and thievry plus their violations of the Petitioner's Rights (supra), the only words that reached and eagerly accepted by all concerned Parties of this cause and before the court was the plea(s) of guilty and confession(s) of guilty therefor entered by Petitioner.

And herein, the Petitioner depose that He was denied His Rights to effective assistance of counsel and that the said plea(s) of guilty and confession(s) of guilty was involuntarily submitted before the court and Petitioner does not exclude that He was deprived and denied His Rights under Rule 11, and set'forth as an over-all that His 4th, 5th, 6th and 14th Amendments Rights as guaranteed by the Constitutional of the United States was and remains violated.
AND THE STATE OFFICIALS, THE GOVERNMENT'S EMPLOYED OFFICERS OF THE COURT AND "ALL" REPRESENTING ATTORNEYS IN THIS CAUSE AMORALLY, RECKLESSLY AND UNFAIRLY DISREGARDED RULES AND REGULATIOS AND DID (IN FACT),OTHER THAN PETITIONER'S CRIES (supra), THE WERE NO THOROUGH INVESTIGATION, NOR WERE THERE ANY FAIR ATTEMPTS MADE TO PROTECT THE RIGHTS OF THIS PETITIONER.

(48) Petitioner is a poor man, a layman, lacking in the science of law, and at present is not receiving any assistance from an attorney with all earnestness), Petitioner only seeks that He be treated fairly as law and justice allows.

(49) Petitioner was arrested and confined on January 7, 2000---He is presently sixty *(60)years* of age and in pursuant to the Constitution of the United States of America (Amendments therein) and Universal of Declaration of Human Rights (Articles therein), Petitioner implores that fairness be administered therefrom and in compliance as law and justice allows therefore and totaling, Petitioner presents this His "MOTION TO VACATE AND/OR REQUEST FOR AN EVIDENTIARY HEARING".

(16)

## AUGUMENTS

(A) Prior to the entering of plea(a) of guilty and confession(s) of guilty counsel (atty Mr. Cohn) should have but failed to put'forth nor did he inform Petitioner of His Rights under FED. cr.R.P., Rule 11(a)(2). (Facts, supra, para. 32,34,39-42). If counsel Atty Mr. Cohn would have awared Petitioner of His Procedures Rights under Rule 11(a)(2) prior to the entering of the plea(s) of guilty Petitioner would have wanted and surely would have utilized His said Procedures Rights, and a demonstration of prejudice is not required however, by Atty Mr. Cohn failing to make at least a good-faith effort to put'forth or inform Petitioner of His Procedures Rights, Petitioner was denied effective assistance of counsel and His Rights to Due Process and Equal Protection of the Law, and such fashion of denials negated Petitioner's Rights to a defense'avenue for relief which by means of an appeal, for it has been proven that a motion to suppress is a remedy for relief. Florida v. Bostick, 501 U.S. 429, 115 L.Ed.2d 389(1991).

And in fairness, "a guilty plea...can not be trully voluntary unless the defendant possesses an understanding of the law in relation to the facts". McCarthy v. United States, 394 U.S. 459,at 466[7-9], 22 L.ED.2d 418, at 425[7-9] (1969). Also, as to counsel failure to act, see Van Huynh v. King, 95 F. 3d 1052 (11th Cir. 1996).


(B) Unlicensed lawyers role in prosecution rendered criminal conviction per se invalid and the individual challenging such a conviction (as here) need not show prejudice in order to get it set'aside. People v. Dunson, CrLR, vol. 68, No.7, p.141-142 (2000). IN evaluating the meaning of People, supra, and F.Crim.R.P., Rule 11 which Petitioner recently became aware of and by incorporating both People and Rule 11, Petitioner stands firm on the fact that for Atty Mr. Cohn to use or allow his Associate Mr. _____ to pressure and mentally persuade Petitioner tinto entering a plea(s) of guilty (Facts, supra, p. 33,35) was and is a violation of Petitioner's Rights under Rule 11 (in fact), Atty Mr. Cohn's Associate Mr. _____ should have never been presence nor affiliated himself with the negoiation of Petitioner's plea(s).    Fundamental decisions, as whether or not to plead guilty, that have been recognized by the U.S. Supreme Court as lying within the defendant's exclusive authority. United States v. Washington, CrLR, vol. 66, No. 14, p. 268 (1999).

(17)

(C) Intentionally Or unintentionally, any statement(s) made by the presiding Judge wherein it attaches itself with the involvement of any plea agreement and especially when its level presumptuously carry an coercive affect that bring about an involuntary plea, the court may, in its decretion, decide that a particular case demands immediate remedial action... _____, ___ U.S. ___ (19  ). Also, see Johnson v. United States, CrL, vol. 66, No. 22, p. 506-507 (2000).

(D) Petitioner sustains that the said plea(s) of guilty and confession(s) of guilty was involuntarily presented and submitted before the court.    And Petitioner upholds "WITH REASONS" that He did not aware the court of the facts surrounding His involuntary plea(s) and confession(s) of guilty therefor entered (Facts, supra, para. 26,37-38). The proceedings, inquiry and statement by the Judge must be considered prejudice for it enhanced the pressure that was being applied upon Petitioner (Facts, supra, para. 25-26,33-38) united states v. Rodriguez, CrL, vol. 66, No. 11, p. 209 (5th Cir. 1999). Also, see: U.S.C.A., Title 28 §§ 455; and Santobello v. New York, 404 U.S. 257, at 264, 30 L.Ed.2d 427, at 434 (1977); and Petitioner did not waive His Rights under Rule 11.    United States v. Coronado, 554 F.2d 166,170 N.6 (5th Cir. 1977); and United States v. Still, 102 F.3d 118, 122 N.9 (5th Cir. 1996).

(E) When an overly zealous Prosecutor (Mr. Donald F. Chase II, Assistant United States Attorney) with a hardily desire to obtain a conviction Berger v. United States, 295 U.S.78,88 (1935); Lockett v. Blackburn, 571 F.2d 309,313(5th Cir.) cert. denied, 439 U.S. 873 (1978). And when counsel fails to make a good-faith effort to obtain relevant and material (available) witnesses (as here) Chambers v. Mississippi, 401 U.S. 248, 302-303 (1973). Law and Rules on Attorney conduct shall apply to Federal Attorneys the same as other Attorneys. U.S. v. Lowery, CrL, vol. 64, No. 19, p. 361 (1999), and to be denied any possibility of a defense by counsel Atty Mr. Cohn and the Prosecutor Mr. Chase (as here) reaches the platform of ineffective assistance of counsel Strickland v. Washington, 466 U.S. 668 (1984) and is trully, a denial of Petitioner's Rights to DUE PROCESS AND EQUAL PROTECTION OF THE LAW. Also, see Burdine v.Johnson, 66 F.Supp.2d 854,at862-864 and 866 concluding: "PREJUDICE IS PRESUMES AS A MATTER OF LAW".

(F) In light of Atty Mr. Cohn's deficient performance especially wherein he allowed the Prosecutor to set the stage, conduct the show and put'on a performance before the court that would and was most favorable foe him the Prosecutor (Facts, supra, para. 31-32) and being that favorable witnesses for the Petitioner was not made available (Facts, supra, para. 5-14,21-22,24,27-29 and 45-46; also, see the attached Exhibit A, p. 1-2) and therefrom Petitioner was prejudiced for He Petitioner was deprived of favorable testimony of and from relevant and material (available) witnesses (Facts, supra, para. 45-46, denial of a defense Chambers and Strickland supra), denied Petitioner His Rights to a full and fair hearing Sander v. United States, 373 U.S. 1,16-17,27-28 (1963) thus, swayed the court's decretion astray _____, ____ U.S. ____ (19  ). And calculating such deficiency performance (by Atty Cohn) which did prejudiced Petitioner plus, with Atty Mr. Cohn and his Associate Mr. _____ pressuring (with added persuasion) for a plea of guilty (Facts, supra, para. 32-33,35) violated Petitioner's Rights under Rule 11--- Wholly, disrouted Petitioner's mind from thiking clearing. People v. kyler, CrL, vol. 66, No. 14, p. 267 (1999); and United States v. washington, CrL, vol. 66, No. 14, p. 268 (8th Cir. 1999).

(G) From the commencement of this cause, Petitioner was denied effective assistance of counsel and His Miranda's Rights was reckless disregared (Facts, supra, para. 7-12,15-17). At and within the Federal Judicial System, Attorney Mr. Robert N. Berube (Fed. Asst. Publ. Def.) was the first (before the FEderal Court) to represent Petitioner in this cause (Facts, supra, para. 19-22) and it must be considered that he Attorney Mr. Berube lack of performance denied Petitioner His Rights to effective assistance of counsel for He Petitioner did so abreast Attorney Mr. Berube of the witnesses and all other details surrounding this cause (Facts, supra, para. 20-22) yet, not only did Attorney Mr. Berube "INACTIVENESS" created an unreasonable time'span for abtaining evidence and testimony from relevant and material (available) witnesses, and possibly created an evidence erosion. In reality, Attorney Mr. Berube made no investigation, made no good-faith effort to locate or subpoena relevant and material (available) witnesses and did not aware Petitioner of His Procedures Rights under Rule 11 (a)(2)(Facts, supra, para.19-22). Totally due to inactive performance by Attorney Mr. Berube , Petitioner was denied

(19)

His Rights to effective assistance of counsel and presumed <u>United States v.</u>
<u>Cronic</u>, 466 U.S. 648 (1994). In this determination a court hearing must consider
the totality of the evidence. <u>Strickland</u>, (supra).

(H) And in formulating the totality of the evidence, this is a cause that
(amongst other assertments) implicates that there should not be any encouragement
to police misconduct infact, "<u>ATTORNEY GENERAL JANET RENO</u>" has viewed the matter
concerning misconduct by police officers and (SHE) CALLED FOR INCREASE FEDERAL
RESPONSE TO POLICE MISCONDUCT. <u>CrL</u>, vol.68, No. 3, p.75.    Also, there's been a
proven complaint that there were <u>racism polices that came not to protect the</u>
<u>citizens but to steal from the minorities</u>. JET (MAGAZINE), Dec. 18, 2000, p. 37.

And in aspect to <u>a grudge and misconduct by police officer and</u>
<u>other officials</u> (as here, Facts, supra, para. 22-24), see <u>the movie of the</u>
<u>Hurricane Carter Story</u>; and the courts Rulings: _____ _____, ___F.Supp.
____, ____ F.App. ____, cert. denied, ____ U.S. ____ (19  ).  IN essence,
<u>this is a cause</u> wherein stste officials has overly abused Their Authority,
violated Petitioner's Rights and "<u>FEDERAL OFFICERS OF THE COURT HAS REFUSED TO</u>
<u>PROTECT THE RIGHTS OF THIS PETITIONER</u>".

(I) Long ago the U.S. Supreme Court meant for it to be understood that a
prisoner maybe ignorant to his rights, the lawyer must not be. <u>Ellis v. united</u>
<u>states</u>, 356 U.S. 674,675 (1958). And extending the issue mentioned in (A) above,
<u>by counsel Atty Mr. Cohn</u> not putting'forth or at least awaring Petitioner of His
Rights to appeal from the denial of the motion to suppress (Facts, supra, para.
39-40) was a denial of Petitioner's Rights under tbe "DUE PROCESS AND EQUAL
PROTECTION OF THE LAW AS GUARANTEED BY THE CONSTITUTIONAL OF THE UNITE STATES and
Petitioner was prejudiced therefrom because, a motion to suppress in accordance
with numerous of case law authorities it is well founded to be an instrucment for
a granting of relief that Petitioner do so seeks <u>Whren v. U.S.</u>, 517 U.S. 806
(1996); New York v.

Quarles, 467 U.S. 649 (1984); Mincey v. Arizona, 477 U.S. 385, at 393 (1978); U.S. v. Dhinsa, CrL, vol. 65, No. 2, p.56 (CA 2, 1998); Knoles v. Iowa, CrL, vol. 64, No. 10, p. 171 (U.S. SupTct, 1998)dealing with the must apply the Miranda Rights Stansbury v. California, 571 U.S. 318 (1980); and as for warrant to enter home and search [Facts supra, para. 17-18] see United States v. Reinholz, CrL, vol. 66, No. 10, p.177 (D.Neb. 1999); and United States v. Dortch, (5th Cir., modifying 199 F. 3d 192, 66 CrL, 240) CrL, vol. 66, No. 20, p. 454 (5th Cir., 2000).    And eventhough the evidence might be ever'so convincing and strongly against the accused, the court can grant relief Combs v. Coyle, CrL, vol. 66, No. 22, p.504 (6th Cir., 2000), and to fairly administer justice.....

An evidentiary hearing is required Wesley v. Alabama, 488 F. 2d 30, 31-32 (5th Cir., 1975); Lockett v. Blackburn, 571 F. 2d 309, 313 (5th Cir., 1978); United States v. Martinez, 413 F. 2d 61, at 63-64 (CA 7, 1969); U.S. v Fernandez, 18 F. 3d 874 (CA 10th Cir., 1994) and it does'nt matter whether an ineffective counsel be court appointed or retained. Strickland, (supra).

## PRAYERS

Wherefore, Petitioner Lionel Hanna prays that The Court grant this His foregoing "MOTION TO VACATE AND/OR REQUEST FOR AN EVIDENTIARY HEARING"; Or render an Order(s) that is fair as Law and Justice allows.

Submitted in good-faith, by: *Lionel Hanna*
Lionel Hanna, 55194-004
FCI (2-B-L), P.O. Box 5000
Yazoo City, MS 39194-5000

## VERIFICATION

He, Lionel Hanna after first duly sworn before me (the undersigned Notary) He Lionel Hanna declares ( under penalty of perjury) on this 10th day of APRIL, 2001 that to the best of His Knowledge all the above herein is true.

Signed: *Lionel Hanna*
Lionel Hanna, 55195-004

*Caun Campbell*
NOTRAY

MY COMMISSION EXPIRES;

*(stamp)*

(21)

EXHIBIT-A

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICR OF FLORIDA

CASE No. 00-6032-Cr-ZLOCH

LIONEL HANNA,             )
   PETITIONER,       )
   v.                    )   THE NAMES LISTED BELOW ARE OF STATE
                OFFICIALS THAT DID PARTICIPATE IN THIS
UNITED STATES,            )  CAUSE AND WAS NOT MADE AVAILABLE TO GIVE
   RESPONDENT.      .                       TESTIMONY

1) FEMALE POLICE OFFICER Ms. JOYCE FLEMING;

2) POLICE OFFICER DOUG HARTMAN;

3) DETECTIVE JOSEPH GENNA;

4) DETECTIVE TOM HILL;

5) DETECTIVE DALE;

6) SERGEANT MEDLEY;

7) LAB EXAM-- NAME (currently) UNKNOWN TO PETITIONER;

and 8) POLICE LEGAL ADVISOR (ATTORNEY) JEFFREY J. HOCHMAN.

Submitted in good-faith, by: *Lionel Hanna*
                           LIONEL HANNA, 55194-004

                           FCI (2-B-L), P.O. Box 5000
                           YAZOO CITY, MS 39194-5000

page 1 of Exhibit A

FT. LAUDERDALE POLICE DEPARTMENT

| 1. Offense | 2 | Juvenile | | 1. Original | 1 |
|---|---|---|---|---|---|
| 2. Arrest | | | | 2. Supplement | |

## SUPPLEMENT PAGE 2

OR # 00- **2965**

| Original Date Reported | Case Title |
|---|---|
| 01/07/00 | NARCOTICS |

### EVIDENCE

ITEM G - $880.00 U.S. CURRENCY IN TWENTY DOLLAR BILLS (34) AND FOUR (4) FIFTY DOLLAR BILLS INSIDE THE TWENTY-DOLLAR BILLS. LOCATED IN THE ARRESTEE'S RIGHT FRONT PANT'S POCKET.

ITEM H - $855.00 U.S. CURRENCY IN FIVE (5) ONE HUNDRED-DOLLAR BILLS, THREE (3) FIFTY DOLLAR BILLS, TEN (10) TWENTY DOLLAR BILLS, AND FIVE (5) ONE DOLLAR BILLS. LOCATED STACKED TOGETHER IN THE ARRESTEE'S RIGHT FRONT PANT'S POCKET.

ITEM I - ONE (1) PAIR OF MEN'S EYEGLASSES. FOUND ON GROUND IN FRONT OF 412 N.W. WAY. GLASSES BELONG TO ARRESTEE.

### WITNESSES

1. SGT. FRANK MILLER - ARRESTING OFFICER AND LEAD INVESTIGATOR, SEIZURE OF FIVE (5) KILOS AND LISTED EVIDENCE.

2. OFFICER JOYCE FLEMING - BACKUP OFFICER AND PRESENT DURING FIVE (5) KILO SEIZURE.

3. OFFICER DOUG HARTMAN - TOOK 35MM. PHOTOS OF ARRESTEE'S VEHICLE AND LOCATION OF COCAINE IN VEHICLE.

4. PSA SCOTT FELDMAN - INVESTIGATOR FOR HIT & RUN ACCIDENT AT I-95 RAMP AND BROWARD BLVD. CASE # 00-2987

5. DETECTIVE TOM HILL - PROCESSED THE FIVE (5) KILOS OF COCAINE (ITEM A) AND THE CARDBOARD BOX (ITEM B) FOR LATENT PRINTS.

6. TROOPER L.R. GUILLEN - INVESTIGATED HIT & RUN ACCIDENT ON I-95 AND NEW RIVER INVOLVING ARRESTEE. FHP CASE # 00-10-00-793-10. ISSUED CITATIONS TO ARRESTEE.

7. JEROME SIMON - WITNESS TO ACCIDENT AT I-95 RAMP & BROWARD BLVD. (CASE # 00-2987) VICTIM OF FHP ACCIDENT. WITNESS TO ARRESTEE'S DRIVING ON BROWARD BLVD.

8. JOHN WATKINS - WITNESS TO SAME EVENTS AS MR. SIMON. PASSENGER IN SIMON'S VEHICLE.

page 2 of Exhibit A

# EXHIBIT- B

[502 US 429]

FLORIDA, Petitioner

v

TERRANCE BOSTICK

501 US 429, 115 L Ed 2d 389, 111 S Ct 2382

[No. 89-1717]

Argued February 26, 1991. Decided June 20, 1991.

**Decision:** Police officers' request that bus passenger consent to search of luggage held not necessarily to constitute "seizure" for purposes of Fourth Amendment.

### SUMMARY

As part of a routine drug interdiction effort, two police officers, both of whom were wearing badges and insignia and one of whom was holding a recognizable zipper pouch containing a pistol, boarded a bus bound from Miami to Atlanta during a stopover in Fort Lauderdale. Without articulable suspicion, the officers asked to inspect the ticket and identification of one of the passengers. The ticket matched the passenger's identification, and both were returned to him by the officers. Explaining that they were looking for illegal drugs, the officers requested the passenger's consent to search his luggage and advised him that he had the right to refuse such consent. After the passenger manifested consent, and a search of his luggage disclosed cocaine, he was charged in a Florida state court with trafficking in cocaine, and moved to suppress the cocaine on the ground that it had been seized in violation of the Federal Constitution's Fourth Amendment. The trial court denied the motion, and the passenger subsequently pleaded guilty but reserved the right to appeal the denial of the motion to suppress. On appeal, the Florida District Court of Appeal affirmed, but certified the suppression issue to the Supreme Court of Florida (510 So 2d 321). The Florida Supreme Court (1) stated that the passenger had been seized, because a reasonable passenger in his situation would not have felt free to leave the bus to avoid questioning by the police, and (2) held that an impermissible seizure results when police mount a drug search on buses during scheduled stops and question boarded passengers without articulable reasons for doing so,

Summaries of Briefs; Names of Participating Attorneys, p 1200, infra.

page 1 of Exhibit B

page 1 of 2

which the contraband was found and as to whether he was informed of his right to refuse consent. However, any conflict must be resolved in favor of the state, it being a question of fact decided by the trial judge.' " 554 So 2d 1153, 1154-1155 (1989), quoting 510 So 2d 321, 322 (Fla App 1987) (Letts, J. dissenting in part).

Two facts are particularly worth noting. First, the police specifically advised Bostick that he had the right to refuse consent. Bostick appears to have disputed the point, but, as the Florida Supreme Court noted explicitly, the trial court resolved this evidentiary conflict in the State's favor. Second, at no time did the officers threaten Bostick with a gun. The Florida Supreme Court indicated that one officer carried a zipper pouch containing a pistol—the equivalent of carrying a gun in a holster—but the court did not suggest that the gun was ever removed from its pouch, pointed at Bostick, or otherwise used in a threatening manner. The dissent's characterization of the officers as "gun-wielding inquisitor[s]," post, at 448, 115 L Ed 2d, at 407, is colorful, but lacks any basis in fact.

Bostick was arrested and charged with trafficking in cocaine. He moved to suppress the cocaine on the grounds that it had been seized in violation of his Fourth Amendment rights. The trial court denied the motion but made no factual findings.

Bostick subsequently entered a plea of guilty, but reserved the right to appeal the denial of the motion to suppress.

The Florida District Court of Appeal affirmed, but considered the issue sufficiently important that it certified a question to the Florida Supreme Court. 510 So 2d, at 322. The

[501 US 433]

Supreme Court reasoned that Bostick had been seized because a reasonable passenger in his situation would not have felt free to leave the bus to avoid questioning by the police. 554 So 2d, at 1154. It rephrased and answered the certified question so as to make the bus setting dispositive in every case. It ruled categorically that " 'an impermissible seizure result[s] when police mount a drug search on buses during scheduled stops and question boarded passengers without articulable reasons for doing so, thereby obtaining consent to search the passengers' luggage.' " Ibid. The Florida Supreme Court thus adopted a per se rule that the Broward County Sheriff's practice of "working the buses" is unconstitutional.* The result of this decision is that police in Florida, as elsewhere, may approach persons at random in most public places, ask them questions and seek consent to a search, see id., at 1156; but they may not engage in the same behavior on a bus. Id., at 1157. We granted certiorari, 498 US 894, 112 L Ed 2d 201, 111 S Ct 241 (1990),

* The dissent acknowledges that the Florida Supreme Court's answer to the certified question reads like a per se rule, but dismisses as "implausible" the notion that the court would actually apply this rule to "trump" a careful analysis of all the relevant facts. Post, at 445, 115 L Ed 2d, at 405. Implausible as it may seem, that is precisely what the Florida Supreme Court does. It routinely grants review

in bus search cases and quashes denials of motions to suppress expressly on the basis of its answer to the certified question in this case. See, e g., McBride v State, 554 So 2d 1160 (1989), Mendez v State, 554 So 2d 1161 (1989); Shaw v State, 555 So 2d 351 (1989); Avery v State, 555 So 2d 351 (1989); Serpa v State, 555 So 2d 1210 (1989); Jones v State, 559 So 2d 1096 (1990).

*Page 2 of Exh.b.T B*    *page 2 5c 2*

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

LIONEL HANNA,          )                    Case No. 00-6032 - Cr-ZLOCH
       PETITIONER,     )
       v.              )
UNITED STATES,         )          MOTION FOR APPOINTMENT OF COUNSEL
       RESPONDENT.     )
_____  )

Comes now Petitioner, Lionel Hanna (pro se) and moves This Court pursuance to Criminal Justice Act 18 U.S.C. § 3006 A(2)(B) and file this His "MOTION FOR APPOINTMENT OF COUNSEL", and as grounds for a granting of foregoing said motion, Petitioner shows herein after that:

(1) He Petitioner is a layman, lacking education in the science of law and in good-faith accompanying in conjuction with this motion He has filed a: 1)"AFFIDAVIT OF INSOLVENCY AND REQUEST TO PROCEED IN FORMA PAUPERIS"; and 2)"MOTION TO VACATE AND/OR REAUEST FOR AN EVIDENTIARY HEARING". Which He Petitioner pro-se prepared.

(II) Petitioner's motion to vacate .... is meritorious however, Petitioner is lacking the experties of an Attorney and do not have the ever'so needed learning and experience of an Attorney and strongly considering the complications of filing legal documents and the many legal maneuvers and functions that is required at and in a court-room proceedings, it would embarrassing and possibly disastrous for Petitioner not to have an Attorney to represent and

(one)

protect His Rights throughout all present and future proceedings in regards to Petitioner's said motion to vacate ... [6th and 14th Amendments].

       Wherefore, Petitioner prays for This Court to enter an Order granting this His foregoing "MOTION FOR APPOINTMENT OF COUNSEL", and appoint an Attorney to represent and protect Petitioner's Rights throughout all present and future proceedings that is in regards to Petitioner's said motion to vacate ... or enter any other Order(s) as law and Justice requires.

       Submitted in good-faith, by: _Lionel Hanna_
                            Lionel Hanna, 55194-004
                            FCI (2-B-L) P.O. Box 5000
                            Yazoo City, MS 39194-5000

### VERIFICATION

He, Lionel Hanna after first being duly sworn before Me (the undersigned Notary) He, Lionel Hanna declares (under penalty of perjury) on this _10th_ day of APRIL, 2001 that to the best of His knowledge all the above herein is true.

       Signed: _Lionel Hanna_
                  Lionel Hanna, 55194-004

_Ottin Campbell_
NOTARY

MY COMMISSION EXPIRES:

(two)

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LIONEL HANNA, ) | Case No. 00-6032 - Cr-ZLOCH |
| PETITIONER, ) | |
| v. ) | |
| UNITED STATES, ) | AFFIDAVIT OF INSOLVENCY AND |
| RESPONDENT. ) | REQUEST TO PROCEED IN FORMA PAUPERIS |
| _____ ) | |

Comes now Petitioner, Lionel Hanna (pro se) and respectfully implores This Honorable Court to render a decree judging Petitioner indigent and a Order granting Petitioner permission to proceed in forma purperis. And as ground therefor Petitioner shows:

Petitioner is a poor man, confined, do not own a car, property or Jewlery and His poverty has elevated infact, Petitioner's Family which had always depended upon Him could not pay Their bills and has lost Their home and Their daily meals has been insufficient, and when Petitioner is fortunate enough to receive a little finanace from any friend its only enough to take care of Petitioner's personal needs, Petitioner can not financially aid His Family nor can He (in this on'going proceedings) affort to pay cost or give security for any forthcoming court proceedings, documental proceedings or appointment of counsel proceedings, for He need the little money He receive to take care of His personal needs. (AND ACCOMPANYING HEREWITH IS A "MOTION TO VACATE" and a "MOTION FOR AN APPOINTMENT OF COUNSEL").

Wherefore, Petitioner prays that

This Court grant this His "AFFIDAVIT OF INSOLVENCY AND REQUEST TO PROCEED IN FORMA PURPERIS; or render any other Order(s) as This Court deems is appropriate in accordance to fairness, law and justice.

Submitted in good-faith, by: _Lionel Hanna_
Lionel Hanna, 55194-004
FCI (2-B-L), P.O. Box 5000
Yazoo City, MS 39194-5000

VERIFICATION

He, Lionel Hanna after first being duly sworn before Me (the undersigned Notary) He, Lionel Hanna declares (under penalty of perjury) on this _iO ͭͪ_ day of APRIL, 2001 that to the best of knowledge all the above herein is true.

Signed: _Lionel Hanna_
Lionel Hanna, 55194-004

NOTARY

MY COMMISSION EXPIRES:

(02)

01-6618
CIV-ZLOCH

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

MAGISTRATE
SORRENTINO

LIONEL HANNA,              )              Case No. 00-6032 - Cr-ZLOCH
    PETITIONER,            )
    v.                     )
UNITED STATES,             )              MOTION FOR APPOINTMENT OF COUNSEL
    RESPONDENT.            )
_____         )

        Comes now Petitioner, Lionel Hanna (pro se) and moves This Court pursuance
to Criminal Justice Act 18 U.S.C. § 3006 A(2)(B) and file this His "MOTION FOR
APPOINTMENT OF COUNSEL", and as grounds for a granting of foregoing said motion
Petitioner shows herein after that:

        (I) He Petitioner is a layman, lacking education in the science of law and
in good-faith accompanying in conjuction with this motion He has filed a:
1)"AFFIDAVIT OF INSOLVENCY AND REQUEST TO PROCEED IN FORMA PAUPERIS"; and
2)"MOTION TO VACATE AND/OR REAUEST FOR AN EVIDENTIARY HEARING". Which He
Petitioner pro-se prepared.

        (II) Petitioner's motion to vacate .... is meritorious however, Petitioner
is lacking the experties of an Attorney and do not have the ever'so needed
learning and experience of an Attorney and strongly considering the complications
of filing legal documents and the many legal maneuvers and functions that is
required at and in a court-room proceedings, it would embarrassing and possibly
disastrous for Petitioner not to have an Attorney to represent and

(one)

protect His Rights throughout all present and future proceedings in regards to Petitioner's said motion to vacate ... [6th and 14th Amendments].

Wherefore, Petitioner prays for This Court to enter an Order granting this His foregoing "MOTION FOR APPOINTMENT OF COUNSEL", and appoint an Attorney to represent and protect Petitioner's Rights throughout all present and future proceedings that is in regards to Petitioner's said motion to vacate ... or enter any other Order(s) as law and Justice requires.

Submitted in good-faith, by: _Lionel Hanna_
Lionel Hanna, 55194-004
FCI (2-B-L) P.O. Box 5000
Yazoo City, MS 39194-5000

### VERIFICATION

He, Lionel Hanna after first being duly sworn before Me (the undersigned Notary) He, Lionel Hanna declares (under penalty of perjury) on this 10th day of APRIL, 2001 that to the best of His knowledge all the above herein is true.

Signed: _Lionel Hanna_
Lionel Hanna, 55194-004

_Carrie Campbell_
NOTARY

MY COMMISSION EXPIRES:

(two)